[Civ. No. 1845. Fourth Appellate District.—July 27, 1937.]

MANUEL GARCIA, as Executor, etc., Appellant, v. A. H. PINHERO et al., Respondents.

Calvin H. Conron, Jr., for Appellant.

Harvey & Johnston and C. E. Arnold for Respondents.

JENNINGS, J.—The plaintiff instituted the above-entitled action for the purpose of quieting title to certain real property in Kern County against claims in said land asserted by the defendants which were alleged to be void. The action was instituted on November 27, 1934. Trial of the action resulted in the entry of a decree in favor of the defendants from which this appeal has been taken.

The sole question here presented relates to the sufficiency of a notice of *lis pendens* filed in a prior action instituted by appellant's predecessor against a person from whom respondents acquired their interest in the property to impart constructive notice of the pendency of such action to respondents. This prior proceeding was commenced on February 9, 1932, on which date the notice of *lis pendens* was recorded. The purpose of this suit was to obtain a decree canceling a certain deed whereby appellant's predecessor had conveyed title to the property to Luzia Azevedo. A demurrer both general and special which was interposed to the complaint in said action was sustained with leave to the plaintiff to amend the pleading within a specified time. The complaint was not amended within the designated time, and on *ex parte* application of the defendant therein a judgment dismissing the action was entered on November 4, 1932. No appeal was taken from this judgment. On January 5, 1933, Luzia Azevedo, the sole defendant in said action, executed a deed of trust to the property described in the aforesaid notice of *lis pendens*. In this deed of trust respondent, Bank of America National Trust & Savings Association, was named trustee and respondent, A. H. Pinhero, was designated the beneficiary. This instrument recited that it was given to secure payment of a promissory note in the amount of $1200 which was executed on the same date in favor of the above-mentioned beneficiary. On June 12, 1933, the plaintiff in said deed cancellation action gave notice that he would move to vacate the judgment of dismissal on the grounds of inadvertence and neglect of his attorney in failing to file an amended complaint within the time specified in the order sustaining the demurrer to his complaint. This motion was denied on July 31, 1933. Thereafter on a date which is not disclosed by the record appellant's predecessor instituted a second action against Luzia Azevedo wherein he sought cancellation of the aforementioned deed, and a decree was entered in this

second action on April 23, 1934, whereby the deed given by the plaintiff in said action to the defendant therein was ordered cancelled on the grounds of fraud.

The single contention advanced on this appeal is that the trial court erred in refusing to hold that the notice of *lis pendens* filed in the first of the two suits for cancellation of the deed afforded to respondents constructive notice of the pendency of the action and that the notice thus given was sufficient also to impart constructive notice of the pendency of the second action so that whatever interest respondents acquired in the property by the deed of trust executed on January 5, 1933, was subject to the judgment rendered in said second action whereby the deed of conveyance given by appellant's predecessor to Luzia Azevedo was cancelled.

It is our opinion that the contention thus advanced is devoid of merit. The constructive notice which is afforded by the recording of a notice of *lis pendens,* as provided in section 409 of the Code of Civil Procedure, is notice that an action which affects the title or right of possession of designated real property has been instituted and is pending. This is the literal meaning of the two Latin words included in the phrase *"lis pendens"*. When, however, the action wherein the notice is filed ceases to be pending and is terminated the notice of its pendency has fully performed its office and may not be relied upon to afford constructive notice that a similar action may subsequently be instituted. The provisions of section 1049 of the Code of Civil Procedure appear to be pertinent to the situation here presented and to afford an adequate answer to appellant's contention. It is there declared that "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied". It is conceded that the time within which an appeal might have been taken from the judgment dismissing the first action for cancellation of the deed expired on January 4, 1933. When, therefore, the deed of trust which constitutes the basis for the claims of respondents to the real property was executed on January 5, 1933, the suit which had been instituted to cancel the deed whereby legal title was vested in the person who executed the trust deed could no longer be regarded as a pending action under the provisions of the last-mentioned statute. Furthermore, even if it be assumed that respondents were charged with

notice that an application for relief from the judgment entered on November 4, 1932, might be made and that the action must be deemed to be pending until the time within which such application could properly be made had expired the fact remains that more than seven months elapsed before such application was made, and when presented it was denied. It would certainly seem, therefore, that, when the trial court refused appellant's petition for relief on July 31, 1933, the action to set aside the deed was then effectually terminated in favor of the person from whom respondents derived their interest in the land, and the trust deed being supported by a valid subsisting judgment was invulnerable to the attack made upon it by the instant action.

Appellant nevertheless contends that, because the judgment dismissing the first action for cancellation was rendered *ex parte* upon failure of the plaintiff therein to amend his complaint within the time permitted in an order sustaining a demurrer to the complaint, the constructive notice provided by the filing of the *lis pendens* should be held to carry over for a reasonable length of time after the termination of the action wherein it was filed, and that the institution of a second action for cancellation in all respects similar to the prior suit within a reasonable period should on principle operate to deprive respondents of the right to maintain successfully that they were entitled to be protected as *bona fide* purchasers in accordance with the provisions of section 1214 of the Civil Code.

No California decision has been cited which lends support to the above-stated contention, and there is no good reason apparent for extending the doctrine of constructive notice to the length suggested. The *lis pendens* notice that may properly be recorded in an action which in some manner affects the title or right of possession to real property is purely incidental to the action wherein it is filed. It refers specifically to such action, and has no existence apart from it. Its sole object is to afford constructive notice that this particular action is pending. When, therefore, the action has been terminated by the entry of a judgment and by expiration of the statutory time within which an appeal from the judgment may be taken, the notice of *lis pendens* has fully served its purpose. The action of which it was an incident has come to an end. It is no longer pending. ■
A judgment dismissing an action after a demurrer to the

complaint has been sustained with leave to amend, and after the time within which the privilege of amending the defective pleading might be exercised has expired is a final determination upon the pleadings of the relative rights of the parties so far as the particular action is concerned, and it is therefore in the strictest sense a final judgment. (*Wood, Curtis & Co.* v. *Missouri etc. Ry. Co.,* 152 Cal. 344, 349 [92 Pac. 868].)

For the reasons stated herein the judgment from which this appeal has been taken is affirmed.

Barnard, P. J., and Marks, J., concurred.