[No. 11686. Department One. — December 8, 1888.]

GEORGE W. VANN, RESPONDENT, v. JOSEPH E. McCREARY, APPELLANT.

MALICIOUS PROSECUTION — ADVICE OF COUNSEL — BELIEF THAT THE ACCUSED WAS GUILTY. — The advice of counsel for the commencement of a prosecution is no defense to an action for malicious prosecution, if it appears that the defendant did not believe that the accused was guilty.

APPEAL from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. A. Cooper*, for Appellant.

The rule is, that where a defendant fully and fairly states the facts to an officer, justice, or to his counsel, and acts upon their advice in making an arrest, no action for malicious prosecution will lie against him. (*Leigh* v. *Webb*, 3 Esp. 164; *Carratt* v. *Morley*, 1 Gale & D. 275; *Hahn* v. *Schmidt*, 64 Cal. 286; *Jones* v. *Jones*, 71 Cal. 93; *Potter* v. *Seale*, 8 Cal. 220; 3 Sutherland on Damages, 708.)

*R. W. Crump*, and *E. W. Britt*, for Respondent.

HAYNE, C. — Action for malicious prosecution; verdict for plaintiff; defendant appeals.

1. It is contended that the verdict is not sustained by the evidence, in this, that the evidence shows that the defendant relied upon the advice of counsel. But in view of the testimony, the jury may well have concluded that the defendant did not believe that the plaintiff was guilty of the crime with which he was charged. Mr. Crawford, who was the district attorney, testified that he said to the defendant when he came to him to start the prosecution: "I did not think he could convict under the testimony. I gave him reasons for it. . . . . I told him my opinion was that he had not a very good case. He then

remarked that he wanted the case prosecuted. . . . . I don't think I told him it constituted grand larceny. I wrote the complaint as district attorney because I understood and thought the facts were sufficient to demand an investigation; . . . . I wrote out the complaint because there might be additional facts in the case obtained by investigation." Another witness, the constable who arrested the plaintiff, testified to the following conversation with the defendant: "I said, 'I don't think you can do anything with George.' 'Well,' he says, 'George took sides against me in regard to a woman scrape; I am going to set him up for some of his meanness, anyhow.'" It is true, the defendant testifies that he consulted other lawyers beside the district attorney, and that they advised him that the prosecution could be maintained. But he did not produce such lawyers as witnesses, and this is a somewhat suspicious circumstance. We think the evidence is sufficient to sustain the verdict.

2. It is argued that the court invaded the province of the jury in giving the following instruction: "If the jury find from the evidence that McCreary did not sell the eighteen sheep to McMath, but that before he made the complaint against Vann, knew that McMath had taken them, and had left money with Scudmore, Reynolds & Co., at Upper Lake, to pay for them, and that Vann had nothing to do with the taking of said sheep, except 'pull them out,' or separate them from other sheep in the corral, *as testified to by the witnesses G. W. Vann, E. P. Vann, C. McMath, Jr., and John Donaldson*, then I charge you that there was no probable cause," etc.

The argument is, that all of these witnesses did not testify to *all* the facts enumerated in the above instruction.

But as we construe the instruction, the words "as testified to by the witnesses G. W. Vann, E. P. Vann, C. McMath, Jr., and John Donaldson," refer only to what immediately precedes, viz., the pulling out or separation of the sheep, and informed the jury that if the defendant

knew that the plaintiff had nothing to do with the taking of the sheep, except to pull them out of the corral or to separate them under the circumstance detailed by the witnesses mentioned, there was no probable cause for the prosecution. These witnesses (including Donaldson) all testified to the circumstance of the pulling out or separation; and there was no conflict concerning the matter. We think the defendant is hypercritical in his view of the import of the language; that when properly construed the instruction was correct, and that the jury were not misled by it. The jury were sufficiently instructed that they were the exclusive judges of the facts. But if they had not been, there being no conflict in the evidence as to the circumstance of the pulling out or separation of the sheep, it would have been a harmless omission.

The other matters do not require special notice.

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.