[Civ. No. 19396.   Second Dist., Div. Three.   Jan. 18, 1954.]

JOSEPH RABOFF, Respondent, v. CHRISTINE J. ALBERTSON, Appellant.

Albert E. Wheatcroft and Charles Murstein for Appellant.

Paul R. Hutchinson for Respondent.

WOOD (Parker), J.—This action against a wife to recover money lent to a husband (now deceased) is based upon an oral agreement of the wife, allegedly founded upon a new consideration, to repay the loan. The money allegedly was applied on the purchase price of a house which the husband and wife purchased as a residence for themselves. The title to the house was conveyed to them as joint tenants. In a nonjury trial judgment was for plaintiff. Defendant appeals from the judgment.

The court found: On May 11, 1946, Lee Albertson (the husband), in the presence of defendant Christine J. Albertson (the wife), represented to plaintiff that he had found a house which he wished to buy and that he needed $7,500 in addition to other loans to purchase the house. Plaintiff lent $7,500 to Lee Albertson and did not ask him for a promissory note or security for the loan. On said May 11th plaintiff delivered his check for $7,500 to Lee Albertson in the presence of defendant Christine J. Albertson, payable to Lee Albertson, as a loan on the purchase price of the house. The check was deposited in a joint bank account of Lee and Christine and was paid out of that account into the escrow set up for the purchase of the house. Title to the house was acquired in the names of Lee and Christine as joint tenants. Plaintiff received no security for the loan. Plaintiff asked Lee for some evidence of the loan of $7,500, and on August 5, 1946, Lee signed and delivered to plaintiff a writing as follows: "I O U $7,500   Lee Albertson   August 5th 1946   on my house." The only house in which Lee had any interest, and which was referred to in said writing, was the said house which Lee and Christine purchased. It was the intent of Lee at the time he made the writing to encumber said property with a lien in favor of plaintiff to secure said loan. The

said writing was insufficient to create such a lien. In each of the months of September and October, 1946, Lee paid $1,000 to plaintiff. On December 27, 1946, plaintiff loaned $1,000 to Lee to purchase an automobile. On September 22, 1947, Lee died. Defendant Christine Albertson, as joint tenant, succeeded to the interest of Lee in said house. Christine was appointed administratrix of his estate. After the death of Lee, plaintiff notified defendant that $6,500 was due on said loans. On November 19, 1947, defendant orally represented to plaintiff that she believed that she was legally and morally obligated for the payment of said debt to plaintiff. On said day defendant orally promised and agreed that if plaintiff would not take any action against her personally at that time, other than to file a creditor's claim against Lee's estate, and if plaintiff would place her on the payroll of Lee Products, Inc., at a salary of $400 a month for the year 1948, and if plaintiff would purchase the stock of Lee Albertson and defendant in said corporation, she personally would pay said $6,500 to plaintiff. Plaintiff accepted said offer, and they orally agreed that defendant would pay said $6,500 to plaintiff, that plaintiff would take no action for the collection of said money against defendant, that plaintiff would give defendant employment in Lee Products, Inc., at a salary of $400 a month for the year 1948, and that plaintiff would purchase the stock of Lee Albertson and defendant in said corporation for $5,000. Plaintiff performed all said agreements on his part to be performed, and he took no action for the collection of said debt other than to file a creditor's claim in the estate until the filing of this action on December 29, 1948, after said agreement was repudiated by defendant on December 22, 1948. Plaintiff caused defendant to be employed by Lee Products, Inc., during all the year 1948 at a salary of $400 a month. Plaintiff purchased the stock of Lee and defendant in the corporation for $5,000. Plaintiff would not have caused said employment of the defendant, nor have purchased said stock, had it not been for said promise of defendant. For a period of two years after said loan was made plaintiff had a good cause of action against defendant for the recovery of said money but the statute of limitations on said cause would have expired after two years, but defendant orally promised to repay the money on November 19, 1947, and on several occasions thereafter until November 27, 1948, when defendant agreed to pay the $6,500 due to plaintiff. On December 22, 1948, defendant refused to pay said balance

of $6,500. Plaintiff has been damaged thereby in the sum of $6,500 together with interest thereon at 7 per cent. On December 23, 1947, plaintiff presented to defendant, as administratrix of said estate, a creditor's claim for $6,500, and on said day the claim was approved by said administratrix, and thereafter the claim was approved by the court. No part of said claim has been paid, and the estate is insolvent.

Appellant contends that the findings and judgment are not supported by the evidence. She argues that there was no evidence that she signed any writing wherein she agreed to pay the debt of her husband and therefore under the statute of frauds (Civ. Code, § 1624) an oral promise by her, if any, to pay such debt was invalid. Respondent asserts that the oral promise of appellant to pay the debt was supported by a new consideration which was "fully executed," and that under section 2794 of the Civil Code, subdivision (4), wherein "the promise is upon a consideration beneficial to the promisor," it is not necessary that her promise be in writing. Section 1624 of the Civil Code provides in part: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: . . . 2. A special promise to answer for the debt, default, or miscarriage of another, *except in the cases provided for in section 2794*; . . ." (Italics added.) Section 2794 of the Civil Code provides in part: "A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing: . . . (4) Where the promise is upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person; . . ." Plaintiff (respondent) testified that in September, 1947 (the day after Lee's funeral), he asked defendant what was going to happen with the debt "you" owe me, and then said, "you know. the money was loaned to you for the purpose of buying the house"; in October, 1947, plaintiff talked to defendant about the money that Lee owed to plaintiff, and defendant told plaintiff that she would certainly take care of all the debts that had been contracted; on November 19, 1947, defendant said that she was going to pay that money; plaintiff told her "we would buy her stock" and Lee's stock in the corporation for $5,000, and that if she repaid his money "we would put her on the payroll for the year 1948 for $4,800 a year"; the corporation entered into a written contract with her regarding that em-

ployment. The contract, made on November 19, 1947, was signed by plaintiff as president of the corporation and by defendant. The contract provided that "in consideration of the mutual covenants herein contained, and other good and valuable consideration" the parties agreed as follows: The corporation agreed to employ defendant for a year commencing January 1, 1948, and to pay her an annual salary of $4,800; defendant agreed to accept the employment and to give to the corporation such time, attention, and services as the corporation requested, and that in the performance of her duties she would be subject to the direction of the corporation. Plaintiff testified further that the corporation paid defendant $5,000 for the stock; in December, 1947, defendant told plaintiff that she was going to make good everything that was owed; at another time in December, 1947, she told plaintiff that she would "certainly take care of this," and she asked him not to bring any court action.

Mr. Bridges, an attorney who had represented the corporation and the defendant and who had acted as a scrivener in the preparation of the employment agreement, testified that on November 19, 1947, while defendant and plaintiff were in his office, the defendant said that she was going to pay the balance that was due plaintiff; that in December, 1948, when another payment was due on defendant's employment contract, she told Mr. Bridges that she did not intend to pay plaintiff anything but she was not going to say anything to him until she collected the balance due on her employment contract. Defendant rendered services under the employment contract for a few months, but she was paid the full salary of $4,800 for the year.

The evidence was sufficient to support the finding that defendant orally agreed to pay said debt if plaintiff would take no action for the collection thereof, and if plaintiff would give her employment at a salary of $400 a month for the year 1948, and if plaintiff would purchase the stock for $5,000. Also the evidence supported the finding that no action was taken until the present action was commenced, that she was so employed and paid, and the stock was so purchased. In *Behannesey* v. *Paton*, 203 Cal. 444 [264 P. 763], a motion picture company entered into a contract with a finance company whereby the finance company would furnish part of the money for the production of a motion picture, and whereby under certain conditions the finance company could substitute itself in the place of the motion picture company and com-

plete the production of the picture. The plaintiff therein furnished certain personal property which was used by the picture company in the production of the picture. In that case, eventually the finance company assumed full charge of the production and completion of the picture, and the court held (pp. 448-449) that the inference from the testimony of certain witnesses was that the manager of the finance company gave the plaintiff and other creditors ''to understand'' that the indebtedness incurred by the picture company was assumed by the finance company and that a continuance of the performance of the contract which plaintiff had with the picture company ''was the condition upon which and thereby furnished a consideration'' for the assumption by the finance company of the obligations arising from plaintiff's contract with the picture company. The court said at pages 449 and 450: ''Appellant has cited . . . certain sections of the Civil Code, to the effect that a special promise to answer for the debt or default of another is invalid unless in writing . . . except in the cases provided for in section 2794 of the Civil Code. We have been cited to no case where the court applied appellant's contentions to facts similar to the facts of the instant° case. The respondent [plaintiff] in this case was induced to complete his indivisible contract upon the promise of appellant that he would be treated as an original contractor, *based upon a consideration that was beneficial to the promisor.* It is not probable that respondent would have otherwise agreed to complete the contract, but for the promise on the part of appellant that it would place itself in the place of the original promisor. All of the inferences support respondent's claim.'' (Italics added.) ▮▮ In *Schumm* v. *Berg,* 37 Cal.2d 174, it was said at page 187 [231 P.2d 39, 21 A.L.R.2d 1051]: ''Among other reasons why the statute [of frauds] does not apply is the rule that a promise to answer for the debt of another is deemed an original obligation and not within the statute 'Where the promise is upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person.' (Civ. Code, § 2794 (4).) The rule is stated: 'Whenever a promise to answer an antecedent obligation of another is made upon a fresh consideration beneficial to the promisor, no matter from what source it may move, the promise is an original one and valid though oral; or, as was said in an early case, whenever the leading and main object of the promisor is not to become surety or guarantor of another, but to subserve some purpose

or interest of his own, his promise is not within the statute, although the effect of the promise may be to pay the debt or discharge the obligation of another.' '' In the present case the evidence and findings were sufficient to support the conclusion of the trial court that the oral promises of defendant to pay said obligation, including the promise of November 19, 1947, ''were made for good and sufficient consideration had and received by the said defendant, and fully executed by the plaintiff.'' It could be inferred from the evidence herein that the promise of defendant to pay the said debt was upon a consideration beneficial to the defendant and was an original obligation of defendant.

By reason of the above conclusion, it is not necessary to discuss other contentions of appellant.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.