[L. A. No. 23159. In Bank. Apr. 10, 1956.]

CHRISTINE J. ALBERTSON, Appellant, v. JOSEPII
RABOFF, Respondent.

Charles Murstein and Albert E. Wheatcroft for Appellant.

Paul R. Hutchinson and C. L. Gardner for Respondent.

TRAYNOR, J.—In 1948 defendant brought an action against plaintiff in which he sought a money judgment and either a lien on real property owned by plaintiff or a judgment declaring that her title was obtained from her husband without consideration and in fraud of creditors. Defendant recorded a notice of pendency of this action in the county recorder's office of the county in which the real property is located.

After a trial of the action, judgment was entered in favor of plaintiff on defendant's claims of a lien on or an interest in plaintiff's real property. Defendant did not appeal. Plaintiff appealed only from that part of the judgment awarding money to defendant, and that part of the judgment was affirmed. (*Raboff* v. *Albertson,* 122 Cal.App.2d 555 [265 P.2d 139].)

In the present action, plaintiff alleges that defendant knew at the time of filing his complaint in the prior action that he had no right to a lien on or an interest in her real property, that he nevertheless knowingly and maliciously asserted false claims thereto, and that by recording a notice of *lis pendens* he disparaged her title to her damage. The court sustained defendant's objection to the introduction of evidence on the ground that the complaint did not state a cause of action (see *Perry* v. *Futch,* 119 Cal.App.2d 556, 559 [259 P.2d 971]) and entered a judgment of dismissal. Plaintiff appeals.

■ Defendant contends that plaintiff's complaint herein was filed while her appeal from the judgment in the prior action was still pending and was therefore premature. In the prior action plaintiff appealed only from the part of the judgment that made an award of money to defendant. That part of the judgment was severable from the part that determined that defendant had no interest in or right to a lien upon plaintiff's real property. No appeal was taken from the latter part of the judgment, and it became final 60 days after the date thereof. (Rules on Appeal, rule 2(a) ; *American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 216 [246 P.2d 935] ; *G. Ganahl Lbr. Co.* v. *Weinsveig,* 168 Cal. 664, 667 [143 P. 1025] ; *Whalen* v. *Smith,* 163 Cal. 360, 362-363 [125 P. 904, Ann.Cas. 1913E 1319].) Plaintiff's complaint herein was filed after the time for appeal had expired and was therefore not premature.

Defendant contends that the recordation of a notice of *lis pendens* is absolutely privileged and that therefore no cause of action for disparagement of title is stated. ■ Although the gravamen of an action for disparagement of title is different from that of an action for personal defamation (*Coley* v. *Hecker,* 206 Cal. 22, 27 [272 P. 1045] ; *Smith* v. *Stuthman,* 79 Cal.App.2d 708, 709 [181 P.2d 123]), substantially the same privileges are recognized in relation to both torts in the absence of statute. (See Rest., Torts, §§ 585 et seq., 635 et seq.; Prosser, Torts, 2d ed. 767.) Questions of privilege relating to both torts are now resolved in the light of section 47 of the Civil

Code. ■ Thus, subdivision 2 of section 47 states the long-established rule that publications made in the course of a judicial proceeding are absolutely privileged (*Gosewisch* v. *Doran*, 161 Cal. 511, 513-515 [119 P. 656, Ann.Cas. 1913D 442]; *Donnell* v. *Linforth*, 11 Cal.App.2d 25, 28-29 [52 P.2d 937]; *Moore* v. *United States Fid. & Guar. Co.*, 122 Cal.App. 205, 210 [9 P.2d 562]; Rest., Torts, §§ 635-639), and the question presented therefore is whether a notice of *lis pendens* recorded as authorized by section 409 of the Code of Civil Procedure* is a publication in the course of a judicial proceeding.

■ Anyone with actual notice of the pendency of the proceeding who acquires an interest in the property takes subject to any judgment that may be rendered therein. (Code Civ. Proc., § 1908, subd. 2.) ■ The sole purpose of recording a notice of *lis pendens* is to secure the same result by giving constructive notice of the pendency of the proceeding. ■ Its effectiveness depends entirely on the action of which it is a part and to which it calls attention. It "is purely incidental to the action wherein it is filed. It refers specifically to such action and has no existence apart from it." (*Garcia* v. *Pinhero*, 22 Cal.App.2d 194, 197 [70 P.2d 675].) ■ Since "the effect of a *lis pendens* is to give constructive notice of all the facts apparent upon the face of the pleadings, and of those other facts of which the facts so stated necessarily put a purchaser on inquiry. . . . " (*Harris* v. *Whittier Bldg. & Loan Assn.*, 18 Cal.App.2d 260, 266 [63 P.2d 840]), the recordation of a notice of *lis pendens* is in effect a republication of the pleadings. ■ The disparagement of title arises, therefore, from the recordation of the notice of *lis pendens* as well as from the pleadings. The publication of the pleadings is unquestionably clothed with absolute privilege, and we have concluded that the republication thereof by recording a notice of *lis pendens* is similarly privileged.

The recording of such a notice is expressly authorized by section 409 of the Code of Civil Procedure, which not only

---

*"In an action affecting the title or right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may record in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property in that county affected thereby. From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names."

identifies the persons who may record the notice and specifies the place of recordation and the time it may be made, but specifies that it may be done "in an action." The Legislature apparently regarded the recordation authorized in section 409 of the Code of Civil Procedure as being made "in a judicial proceeding" within the meaning of section 47 of the Civil Code, for any publication "in an action" is unquestionably "in a judicial proceeding." ▮ We do not rest our opinion, however, on the narrow ground that the word "in" is used in both sections or that the use of that word is of decisive significance, but on the obvious purpose of section 47 to afford litigants the utmost freedom of access to the courts to secure and defend their rights without fear of being harassed by actions for defamation. (See Veeder, *Absolute Immunity in Defamation: Judicial Proceedings,* 9 Columb.L.Rev. 463, 469.) It would be anomalous to hold that a litigant is privileged to make a publication necessary to bring an action but that he can be sued for defamation if he lets anyone know that he has brought it (see *Thompson* v. *White,* 70 Cal. 135, 136 [11 P. 564]), particularly when he is expressly authorized by statute to let all the world know that he has brought it. Furthermore, subdivision 4 of section 47 of the Civil Code extends the privilege to reports of judicial proceedings in public journals. It cannot reasonably be held that the Legislature meant to accord such journals a greater immunity for giving actual notice of a proceeding to their numerous readers than that accorded litigants for giving the constructive notice thereof that the Legislature has authorized them to give.

Relying on *West Inv. Co.* v. *Moorhead,* 120 Cal.App.2d 837, 840-841 [262 P.2d 322]), plaintiff contends that the recordation of a notice of *lis pendens* is merely a "private act undertaken dehors the judicial proceeding for the purpose of calling to the attention of all the world the pendency of litigation affecting the designated real property" and is not "in" a judicial proceeding for " [N]o function of the court or its officers is invoked; no machinery associated with the judicial process is set in motion." By stressing the word "in" this contention would limit the privilege to the pleadings and the subsequent communications of the judge, counsel, jurors, parties, and witnesses in the actual course of the proceeding. Since we do not believe that the privilege is so limited, *West Inv. Co.* v. *Moorhead, supra,* is disapproved.

▮ It is our opinion that the privilege applies to any publication, such as the recordation of a notice of *lis pendens,*

that is required (e.g., Code Civ. Proc., § 749) or permitted (e.g., Code Civ. Proc., § 409) by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked. (See 53 C.J.S., Libel and Slander, § 104, p. 168.) Thus, it is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits. ■ If the publication has a reasonable relation to the action and is permitted by law, the absolute privilege attaches. (See Rest., Torts, § 587; *Youmans v. Smith,* 153 N.Y. 214, 220 [47 N.E. 265]; *Kraushaar v. Lavin,* 39 N.Y.S.2d 880, 882-883; *Zirn v. Cullom,* 63 N.Y.S.2d 439, 440-441; *Inselberg v. Trosty,* 190 Misc. 507 [77 N.Y.S.2d 457, 458; *cf.* 39 A.L.R.2d 840-861.) ■ It therefore attaches to the recordation of a notice of *lis pendens,* for such a publication is permitted by law, and like other documents that may be filed in an action, it has a reasonable relation thereto and it is immaterial that it is recorded with the county recorder instead of being filed with the county clerk.

*Gudger v. Manton,* 21 Cal.2d 537 [134 P.2d 217], on which the court in *West Inv. Co. v. Moorhead, supra,* 120 Cal.App.2d 837, relied, involved an action for slander of title for the wrongful recordation and levy of a writ of execution against the property of a person who was not a party to the action. The original judgment was obtained against the wife for a premarital tort. The writ of execution, however, was recorded and levied against her husband's separate property and had no reasonable relation to the action against the wife. The statement in the opinion in that case that "The levy of a writ of execution is not an act in the course of a judicial proceeding" (21 Cal.2d at 545) was unnecessary to the decision therein and is disapproved.

*Coley v. Hecker,* 206 Cal. 22 [272 P. 1045], on which the court in the *West Inv. Co.* case, *supra,* also relied, involved an action for slander of title in which the plaintiff alleged that after he had taken an appeal from the judgment of the San Francisco Superior Court and filed a stay bond approved by the court, defendant maliciously filed an abstract of judgment with the county recorder of San Joaquin County for the purpose of slandering the title of plaintiff's lands in that county. The defendant sought a change of venue, but the court held that slander of title is an injury to real property and the venue of an action therefor was in the county where the property is

situated. Thus, the issue in that case was simply one of venue and it was unnecessary to consider the question of privilege.

Plaintiff contends that her complaint states a cause of action for malicious prosecution. It may be noted at the outset that the fact that a communication may be absolutely privileged for the purposes of a defamation action does not prevent its being an element of an action for malicious prosecution in a proper case. The policy of encouraging free access to the courts that underlies the absolute privilege applicable in defamation actions is outweighed by the policy of affording redress for individual wrongs when the requirements of favorable termination, lack of probable cause, and malice are satisfied. (See *Jaffe* v. *Stone*, 18 Cal.2d 146, 159-160 [114 P.2d 335, 135 A.L.R. 775]; *Metzenbaum* v. *Metzenbaum*, 121 Cal.App.2d 64, 68 [262 P.2d 596]; 3 Rest., Torts, p. 380, Introductory note; Veeder, *Absolute Immunity in Defamation: Judicial Proceedings,* 9 Columb.L.Rev. 463, 470.)

As indicated above, that part of the judgment in the former action that determined that defendant had no interest in or a right to a lien upon plaintiff's real property is now final and constitutes a termination of that separable part of the proceeding favorable to plaintiff.

Plaintiff also alleges that ''defendant herein well knew of the fact that he . . . was making unfounded and untrue statements as to the transfer and conveyance of said real property or any part or portion thereof, but that thereafter and notwithstanding the notice by plaintiff's attorney hereinabove mentioned, the defendant persisted in filing amended complaints . . . , in all of which, he, the said defendant, continued to assert claims falsely and maliciously in and to the aforementioned real property,'' and that ''at the times herein mentioned, the defendant herein well knew that he . . . had no right, title, estate or interest in or to the aforementioned real property or any part or portion thereof. . . . ''

 Since probable cause requires a reasonable belief in the validity of the claim asserted (*Franzen* v. *Shenk*, 192 Cal. 572, 578 [221 P. 932]; *Vann* v. *McCreary*, 77 Cal. 434 [19 P. 826]; see Rest., Torts, § 662, com. c, § 675, com. d), the allegations that the action was prosecuted with knowledge of the falsity of the claim are a sufficient statement of lack of probable cause. (See *Pulvermacher* v. *Los Angeles Coordinating Committee*, 61 Cal.App.2d 704, 707 [143 P.2d 974]; *United States Fid. & Guar. Co.* v. *Miller*,

218 Ala. 158 [117 So. 668, 669] ; *Spaids* v. *Barrett*, 57 Ill. 289, 294-295 [11 Am.Rep. 10] ; anno., 14 A.L.R.2d 264, 298-299.)

 The requirement of malice is also sufficiently pleaded. Not only is the existence of malice expressly alleged, but the allegations that a claim to the property was asserted with knowledge of its falsity also meets that requirement. The malice required in an action for malicious prosecution is not limited to actual hostility or ill will toward plaintiff but exists when the proceedings are instituted primarily for an improper purpose. (See *Singleton* v. *Perry*, 45 Cal.2d 489, 495 [289 P.2d 794] ; Prosser on Torts [2d ed.] p. 666; *cf. Brewer* v. *Second Baptist Church*, 32 Cal.2d 791, 797 [197 P.2d 713].) It has been pointed out that the "principal situations in which the civil proceedings are initiated for an improper purpose are those in which (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim." (Rest., Torts, § 676, com. b; see also § 668, com. e.) Clearly a person who attempts to establish a claim to property knowing of its falsity can only be motivated by an improper purpose. Plaintiff contends, also, that she has in effect alleged that defendant's purpose in falsely asserting an interest in the property and filing the *lis pendens* was to secure the benefit of an attachment to secure the payment of the money judgment without incurring the burdens thereof. There are no express allegations of this purpose, however, and it is unnecessary to decide whether evidence of such a purpose could be offered under a general allegation of a malicious motive. Since the judgment must be reversed, plaintiff will have an opportunity if she so wishes to amend her complaint expressly to allege that defendant's purpose in falsely claiming an interest in her property was to enable him improperly to secure the benefits of a *lis pendens* pending his securing of the money judgment.

Plaintiff incorporated by reference and made a part of her complaint the findings of fact and conclusions of law and the judgment in the former proceeding. Defendant contends that these findings of fact conclusively establish that he had

probable cause for claiming an interest in plaintiff's property and that therefore the allegations of the complaint to the contrary must be disregarded. The findings in the former action recite that defendant lent plaintiff's husband $7,500 to enable him to purchase the real property involved in this action. Title was taken by plaintiff and her husband as joint tenants, and plaintiff succeeded to his interest on his death about 16 months later. In the meantime defendant asked plaintiff's husband to give him some evidence of the loan, and the latter delivered an instrument stating: "I O U $7,500.00. Lee Albertson. August 5th, 1946 on my house." It was the intent and understanding of defendant and plaintiff's husband that the purpose of this writing was to encumber the property with a lien in plaintiff's favor to secure the payment of the loan. The trial court found, however, that "said I. O. U. is insufficient to create a lien on said real property."

In addition to asserting an interest in the property based on the I.O.U., defendant alleged that the original creation of the joint tenancy constituted a fraud on plaintiff's husband's creditors on the ground that plaintiff's husband was insolvent at that time. The trial court found that the creation of the joint tenancy was not an assignment of property by plaintiff's husband within the meaning of the law governing fraudulent conveyances and therefore refrained from finding whether or not plaintiff's husband was insolvent at the time the joint tenancy was created.

The money judgment against plaintiff was based on findings that plaintiff was personally liable for the balance of the original loan and was affirmed on the theory that she had entered into a binding contract with defendant to discharge her husband's debt. (*Raboff* v. *Albertson,* 122 Cal. App.2d 555 [265 P.2d 139].)

It may be conceded that the findings with respect to the intent of defendant and plaintiff's husband to create a lien on the property by the I.O.U. would be sufficient to establish probable cause for the institution of proceedings to enforce the lien and establish defendant's good faith with respect thereto, if they constitute a binding adjudication of the facts found. With respect to defendant's claim of a lien based on the I.O.U., however, the only finding necessary to sustain the trial court's judgment adverse to defendant was the finding that the writing was insufficient to create a lien. The findings with respect to the intent and under-

standing of defendant and plaintiff's husband were unnecessary to the judgment, and since defendant was the prevailing party to the cause of action based on the I.O.U., she could not have attacked the unnecessary findings adverse to her on appeal. ▮ Under these circumstances the findings are not res judicata (*Chapman* v. *Hughes,* 134 Cal. 641, 654-655 [58 P. 298, 60 P. 974, 66 P. 982]; *Natural Soda Products Co.* v. *City of Los Angeles,* 109 Cal.App.2d 440, 445-446 [240 P.2d 993]; see 3 Witkin, Cal.Proc., p. 1953), and cannot overcome plaintiff's express allegation that defendant "well knew that he . . . had no right, title, estate or interest in or to the aforementioned real property. . . ."

Even if it were assumed, however, that defendant had probable cause to assert a claim to the property based on the I.O.U., it would not follow that plaintiff has failed to state a cause of action. In the former action defendant also asserted a claim to the property based on the theory of a fraudulent conveyance, and with respect to this cause of action there was no finding whether or not plaintiff's husband was insolvent at the time the joint tenancy was created. Thus, there is nothing in the findings in the former action contrary to plaintiff's allegations that defendant asserted a claim based on an alleged fraudulent conveyance with knowledge of the falsity of the facts necessary to sustain it. In *Singleton* v. *Perry,* 45 Cal.2d 489, 497 [289 P.2d 794], we held that a defendant cannot escape liability for the malicious prosecution of an unjustified charge by joining with it a justified charge, and that in such a case, the plaintiff does not have the burden of "showing that her damage was specifically attributable to the malicious prosecution as opposed to the prosecution which . . . was not malicious."

Since the complaint states a cause of action for malicious prosecution, it was error to sustain defendant's objection to the introduction of evidence.

The judgment is reversed. Each side to bear its own costs on appeal.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J., concurred.