Filed 3/3/16  Goldstein v. Egan CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BARBARA ANN GOLDSTEIN, | B256628 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC528680) |
| v. | |
| JUDY EGAN et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Affirmed.

Sylvester, Oppenheim & Linde, Richard D. Oppenheim, Jr., David A. Seeley; Law Offices of Alan M. Goldberg and Alan M. Goldberg for Plaintiff and Appellant.

Wright Kim Douglas and Douglas S. Fabian for Defendant and Respondent Judy Egan.

Kennedy Law and Jennifer M. Kennedy for Defendants and Respondents Jennifer Kennedy and David Goldstein.

———————————

Barbara Ann Goldstein appeals from the trial court's grant of a motion to strike her complaint under Code of Civil Procedure section 425.16.[1]  We affirm.

## BACKGROUND

On November 22, 2013, Barbara, as an individual and as trustee of the trust of her husband Murray Goldstein (the Murray Trust), filed a malicious prosecution complaint against Judy Egan and David Goldstein,[2] Murray's children by his first wife, and their lawyer Jennifer Kennedy.  Barbara alleged that three lawsuits against her were baseless and thus constituted malicious prosecution, and requested compensatory and punitive damages.

On March 26, 2014, Egan, David, and Kennedy filed a motion to strike under section 425.16.  Barbara filed an opposition, and the defendants filed a reply.  The trial court granted the order to strike on May 16, 2014, concluding that Barbara had not demonstrated favorable termination, probable cause, and malice as required for a successful action for malicious prosecution.  Barbara filed a timely notice of appeal.

We describe below the three lawsuits that Barbara alleged constituted malicious prosecution.

### The partnership case (Egan and David)

In 1995, Murray transferred ownership of an 18-unit apartment building in Pacific Palisades from the Murray Trust to the Goldstein Investment Partnership (a limited partnership).  The Murray Trust as limited partner held 99 percent of the economic interests of the partnership, and another Goldstein daughter, Elise, held one percent and acted as general partner.  Elise died in 2006, and that same year Murray married Barbara.  Elise left her share in the partnership to Egan and David, who then began to act as general partners.  Conflicts arose regarding the management of the apartment building, and Egan believed Barbara was using partnership funds to pay personal expenses.  In June 2011,

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] We refer to Murray, Barbara, Elise, and David Goldstein by their first names for clarity.  No disrespect is intended.

Murray and the Murray Trust sued Egan and David for dissociation of the general partners and judicial dissolution of the limited partnership, alleging that Egan and David could not assume the role of general partners without Murray's written consent.

Egan and David, represented by Greenberg Traurig, filed a cross-complaint against Murray and Barbara (the partnership case). A second amended cross-complaint filed April 27, 2012 alleged 15 causes of action, including breach of fiduciary duties, waste of partnership assets, and (against Barbara only) voiding or cancellation of testamentary instruments. Egan and David substituted Kennedy as counsel in May 2012. After reviewing Barbara's demurrer to the cause of action for voiding or cancellation of testamentary instruments, Kennedy advised Egan and David that the cause of action was not viable while Murray was alive. Egan and David agreed to dismiss that cause of action, and Kennedy informed Barbara's counsel. On June 28, 2012, the trial court sustained a demurrer to the cause of action without leave to amend on standing grounds, after a hearing at which Kennedy appeared to inform the court that her clients agreed to voluntary dismissal.

Murray died on December 26, 2012. On March 14, 2013, the trial court held a bench trial on the claims for declaratory relief in the partnership case. In a May 24, 2013 statement of decision, the court held that although Egan and David inherited Elise's one percent interest in the partnership, they were not general partners with managerial authority or control. At the time that Barbara filed the anti-SLAPP motion, a single cause of action for equitable indemnity remained.

### The perpetuation petition (Egan,[3] David, and Kennedy)

In October 2012, David told Kennedy that upon Murray's death, it was likely he would want to bring a lawsuit alleging undue influence by Barbara. On November 5, 2012, Kennedy filed on David's behalf a petition for perpetuation of testimony and

---

[3] Barbara named Egan in connection with the perpetuation petition and the undue influence action (although Egan was not a party to either), alleging that Egan conspired with David to file both cases.

preservation of evidence (the perpetuation petition),[4] seeking the depositions of Murray's sister and Egan's longtime companion, as well as the preservation of a six-page list of documentary evidence. On November 7, Kennedy recorded a notice of lis pendens regarding real property in Marina del Rey in connection with the perpetuation petition (which does not mention the property). Barbara filed a demurrer to the perpetuation petition on December 5, 2012.

After Murray died on December 26, 2012, Kennedy advised David that section 2035.010 only applies to situations where the anticipated lawsuit cannot yet be filed at the time of the petition, and Murray's death meant David now could file his lawsuit. Kennedy and David therefore filed a request for dismissal of the perpetuation action on January 4, 2013. Kennedy so notified Barbara and her counsel, stating there was no reason to proceed to a hearing on the demurrer. The court sustained Barbara's demurrer to the petition without leave to amend at a hearing on February 28, 2013, at which Kennedy and David did not appear. The court also granted Barbara's motion to expunge the lis pendens on the ground that the perpetuation petition "does not contain a real property claim."

### The undue influence action (David, Egan, and Kennedy)

On November 5, 2012, the filing date of the perpetuation petition, Kennedy filed another action on David's behalf, alleging undue influence and intentional interference with expected inheritance (the undue influence action). The complaint alleged that as a result of Barbara's undue influence, Murray had agreed to sell the real property in Marina del Rey. The complaint also alleged that Barbara had systematically isolated Murray from David and interfered with his expected inheritance of one-third of Murray's estate,

---

[4] The relevant statute provides: "One who expects to be a party . . . to any action that may be cognizable in any court in the State of California, whether as a plaintiff, or as a defendant, or in any other capacity, may obtain discovery . . . for the purpose of perpetuating that person's own testimony or that of another person or organization, or of preserving evidence for use in the event an action is subsequently filed." (§ 2035.010, subd. (a).)

and as a result Murray had eliminated David from his estate plan. Barbara filed a demurrer on December 7, 2012.

On December 11, 2012, Kennedy recorded a notice of lis pendens in the undue influence action regarding the Marina del Rey property. The court granted Barbara's motion to expunge the lis pendens on April 30, 2013, on the grounds that the undue influence action "does not contain a real property claim." Also on April 30, 2013, Kennedy recorded a second notice of lis pendens regarding the Marina del Rey property.

After David received statutory notice that he would not inherit anything from Murray and received nonredacted trust documents for Murray's and Barbara's trusts, Kennedy appeared at the June 4, 2013 hearing on Barbara's demurrer and requested dismissal without prejudice of the undue influence action, to allow David to pursue his claims in probate court. The court dismissed the undue influence action without prejudice, and granted Barbara's application to expunge the April 30, 2013 lis pendens on the ground that it failed to comply with the service required by section 405.22.

## DISCUSSION

Section 425.16, known as the anti-SLAPP statute, authorizes the early dismissal of SLAPP actions, and "'SLAPP' is an acronym for 'strategic lawsuit against public participation.'" (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1244, fn. 1.) Subdivision (b)(1) of the statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." The statute allows for the summary disposition of meritless lawsuits intended "'to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances.'" (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1015.) As the parties moving to strike, Egan, David, and Kennedy had the initial burden to show that Barbara's malicious prosecution lawsuit was based on their protected activity. (*Plumley v. Mockett* (2008) 164

5

Cal.App.4th 1031, 1046.) "'Once that burden is met, the burden shifts to [Barbara] to demonstrate the "probability that the [malicious prosecution] plaintiff will prevail on the claim."'" (*Ibid.*)

The malicious prosecution complaint alleged that the cause of action for cancellation of testamentary instruments in the partnership action was meritless, as were the perpetuation petition and the undue influence action, which were brought only to allow the filing of the lis pendens on the Marina del Rey property. Barbara does not dispute that her malicious prosecution action "arises from acts in furtherance of defendants' right of petition or free speech." (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.) The remaining issue is whether, in opposing the motion to strike, Barbara presented evidence that, if believed by the trier of fact, was sufficient to support a judgment in her favor in the malicious prosecution action. (*Ibid.*)

We review de novo the grant of the anti-SLAPP motion, examining the entire record to determine whether Barbara showed a probability that she would prevail on the merits. (*Paiva v. Nichols*, *supra*, 168 Cal.App.4th at pp. 1016–1017.) To succeed in her claim for malicious prosecution, Barbara was required to prove that at least one of the three actions was terminated in her favor, prosecuted without probable cause, and initiated with malice. (*Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP* (2010) 184 Cal.App.4th 313, 333.)

**The actions were not terminated in Barbara's favor.**

At the time the trial court decided the anti-SLAPP motion, there had been no final judgment in the partnership action, and "a malicious prosecution plaintiff must demonstrate '"favorable termination of the *entire* [underlying] action."'" (*Staffpro, Inc. v. Elite Show Services, Inc.* (2006) 136 Cal.App.4th 1392, 1405.) Although the trial court had sustained Barbara's demurrer to one cause of action in the partnership action (for voiding and cancellation of testamentary instruments), "[w]here, as here, the action as a whole is still pending, it is of no consequence whether a single cause of action has been determined in appellant's favor, as an action for malicious prosecution must await a favorable determination of the entire proceeding." (*Jenkins v. Pope* (1990) 217

6

Cal.App.3d 1292, 1299.) As the cause of action for equitable indemnity remained, the partnership action had not been terminated in Barbara's favor for the purpose of an action for malicious prosecution.

David voluntarily dismissed the perpetuation petition after Murray died, when Kennedy advised him he could now pursue his claims in probate court and no longer needed to perpetuate evidence. David also voluntarily dismissed the undue influence action to pursue those claims in probate court. Neither of these voluntary dismissals was a termination in Barbara's favor. "In order for a termination of a lawsuit to be considered favorable with regard to a malicious prosecution claim, the termination must reflect on the merits of the action and the [malicious prosecution] plaintiff's innocence of the misconduct alleged in the lawsuit." (*Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1056.) The test is whether the dismissal indicates "'"the opinion of someone, either the trial court or the prosecution party, that the action lacked merit or if pursued would result in a decision in favor of the defendant,"'" "'or simply involves technical procedural or other reasons that are not inconsistent with the defendant's guilt.'" (*Ibid.*)

The voluntary dismissals here involve procedural reasons. After Murray died, there was no longer any need for a perpetuation petition, and David's claims for undue influence and intentional interference with expectation of inheritance could be pursued in probate court. Barbara did not cite any evidence to show that the dismissals reflect David's or Kennedy's opinion that she was innocent of the allegations against her. The voluntary termination of the two actions did not reflect on the merits of the action and so were not terminations in Barbara's favor.

As this essential element of malicious prosecution cannot be shown on the evidence in the record, "[w]e therefore do not need to determine whether [Barbara] demonstrated a probability of establishing the remaining elements of malicious prosecution." (*Contemporary Services Corp. v. Staff Pro Inc.*, *supra*, 152 Cal.App.4th at p. 1058.)

7

Barbara's opposition to the motion to strike argues that "in each [of the two] dismissed action[s] a recorded notice of lis pendens was expunged, which is itself a favorable termination of ancillary proceedings that will independently support a malicious prosecution claim." The recording of a lis pendens is protected activity for the purpose of the anti-SLAPP statute. (*La Jolla Group II v. Bruce* (2012) 211 Cal.App.4th 461, 471.) An action for malicious prosecution of the underlying lawsuit may be based on the recordation of a lis pendens. (*Palmer v. Zaklama* (2003) 109 Cal.App.4th 1367, 1379; *Albertson v. Raboff* (1956) 46 Cal.2d 375, 382.) "[I]f the action in which the *lis pendens* had been recorded resulted in a termination favorable to the party aggrieved thereby, a cause of action for malicious prosecution could be stated." (*Thornton v. Rhoden* (1966) 245 Cal.App.2d 80, 99.) As we held above, the perpetuation petition and the undue influence action in which the lis pendens were filed did not result in terminations favorable to Barbara. "[A] plaintiff in a malicious prosecution must establish '"a favorable termination of the *entire* [underlying] action"' and . . . the other elements of the tort, such as probable cause, will only be reached after '"judgment ha[s] been reached in the plaintiff's favor in the prior action as a whole."'" (*Staffpro, Inc. v. Elite Show Services, Inc.*, *supra*, 136 Cal.App.4th at p. 1406.) We reject her argument that the expungements of the related lis pendens, standing alone, establish the favorable termination element of malicious prosecution. The expungements do not convert the voluntary dismissals of the underlying lawsuits into outcomes reflecting Barbara's innocence of the underlying allegations against her.

Barbara did not carry her burden to show that any of the three lawsuits was terminated in her favor, as required to demonstrate that she would prevail on her malicious prosecution claim. The trial court properly granted the anti-SLAPP motion.

**DISPOSITION**

The order is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.


                              JOHNSON, J.

We concur:


        ROTHSCHILD, P. J.


        LUI, J.