Filed 9/15/22  Storck v. Edelstein CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| BENJAMIN STORCK, | |
| Plaintiff and Appellant, | E076218 |
| v. | (Super. Ct. No. PSC1902245) |
| MARK W. EDELSTEIN et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Kira L. Klatchko, Judge.

Affirmed.

Melvin Teitelbaum, for Plaintiff and Appellant.

Fromberg Edelstein & Fromberg and Mark W. Edelstein, for Defendants and Respondents.

1

# I.

## INTRODUCTION

Benjamin Storck sued Mark W. Edelstein and his law firm, the Law Offices of Mark W. Edelstein (collectively, Edelstein) for intentional and negligent slander of title and other claims. Storck appeals the trial court's orders sustaining Edelstein's demurrers without leave to amend. We conclude Storck's slander of title claims are barred by the litigation privilege (Civ. Code, § 47, subd. (b)) and that he forfeited any argument that the trial court erred in sustaining Edelstein's demurrer to the remaining claims without leave to amend. We therefore affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Edelstein obtained a default judgment against Storck in another action. Edelstein then recorded an abstract of judgment against Storck with the Riverside County Recorder's office. Storck alleges that Edelstein used the abstract of judgment to secure liens on four of Storck's properties.

A few months later, however, the trial court vacated the default judgment. The parties then arbitrated their dispute for two years, which concluded with an award for Edelstein that the trial court later confirmed.

Storck responded by filing a complaint against Edelstein for intentional and negligent slander of title. Both claims alleged that Edelstein improperly failed to remove the abstract of judgment after the trial court vacated the default judgment. Storck also

2

alleged that Edelstein "falsely inform[ed] others" that he had valid liens on Storck's four properties as a result of the default judgment when he knew that the abstract of judgment was no longer valid. In Storck's view, Edelstein had a duty to remove the abstract of judgment and he breached that duty by failing to do so.

After the trial court sustained Edelstein's demurrer with leave to amend, Storck filed an amended complaint. Storck reasserted two slander of title claims stemming from Edelstein's failure to remove the abstract of judgment. The trial court again sustained Edelstein's demurrer with leave to amend.

Storck filed a first amended complaint (FAC) alleging five causes of actions for (1) intentional slander of title, (2) negligent slander of title, (3) intentional interference with contractual relationship, (4) intentional interference with prospective economic advantage, and (5) negligent interference with prospective economic advantage. All five causes of actions are based on Edelstein's filing the abstract of judgment, failing to remove it after the trial court vacated the default judgment, and falsely informing third parties that he had valid liens on Storck's properties as a result of the abstract of judgment even though the default judgment had been vacated. The trial court sustained Edelstein's demurrer to the FAC with leave to amend the slander of title claims but without leave to amend the remaining claims.[1]

---

[1] The trial court's order sustaining the demurrer to the FAC is not in the Clerk's Transcript, but it is reflected in the register of actions, and the parties agree on its terms.

Storck then filed his operative second amended complaint (SAC), which realleged only his intentional slander of title cause of action. The claim did not mention the abstract of judgment, and instead was based on Storck's allegation that Edelstein falsely told people that he had valid liens on Storck's four properties as a result of the abstract of judgment despite the trial court vacating the default judgment. The trial court sustained Edelstein's demurrer to the cause of action without leave to amend, and Storck timely appealed.

III.

DISCUSSION

Storck contends the trial court erroneously sustained Edelstein's demurrers without leave to amend. We find no error.

A. *Standard of Review*

"'A trial court's order sustaining a demurrer without leave to amend is reviewable for abuse of discretion "even though no request to amend [the] pleading was made." [Citation.] While it is the plaintiff's burden to show "that the trial court abused its discretion" and "show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading" [citation], a plaintiff can make "such a showing . . . for the first time to the reviewing court" [citation].'" (*Mercury Ins. Co. v. Pearson* (2008) 169 Cal.App.4th 1064, 1072.) Thus, "[t]o meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action. [Citations.] Absent such a

4

showing, the appellate court cannot assess whether or not the trial court abused its discretion by denying leave to amend." (*Cantu v. Resolution Trust Corp.* (1994) 4 Cal.App.4th 857, 890.)

We "liberally construe[]" a complaint's allegations. (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1146.) "'On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed "if any one of the several grounds of demurrer is well taken. [Citations.]" [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]' [Citation.]" (*McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1206.)

"If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would

5

cure the defect. [Citation.]" (*Shifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

B. *Slander of Title Claims*

Edelstein argued, and the trial court agreed, that Storck's slander of title claims failed in part because they are barred by Civil Code section 47, subdivision (b)'s litigation privilege. We agree.

The litigation privilege codified in Civil Code section 47, subdivision (b) provides that a "'publication or broadcast'" made as part of a "'judicial proceeding'" is absolutely privileged. (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241.) Its purpose is to provide "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 213.)

"[T]he privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson*, *supra*, 50 Cal.3d at p. 212.) "The privilege 'is not limited to statements made during a trial or other [judicial or quasi-judicial] proceedings, but may extend to steps taken prior thereto, or afterwards.'" (*Action Apartment Assn., Inc. v. City of Santa Monica*, *supra*, 41 Cal.4th at p. 1241.)

The trial court correctly found that Edelstein's filing the abstract of judgment is a publication covered by the litigation privilege. (*O'Keefe v. Kompa* (2000) 84

Cal.App.4th 130, 134-135 [holding defendant's filing abstract of judgment was "clearly privileged under Civil Code section 47, subdivision (b)"].) As a result, Edelstein is absolutely immune from any tort claim arising from the abstract of judgment other than malicious prosecution. (See *ibid.*) The trial court therefore properly sustained Edelstein's demurrers to Storck's causes of actions for slander of title without leave to amend to the extent they were based on Edelstein's filing the abstract of judgment.[2]

Storck argues the litigation privilege no longer applied after the trial court vacated the default judgment. To support his position, Storck relies exclusively on *Gudger v. Manton* (1943) 21 Cal.2d 537 (*Gudger*), disapproved by *Albertson v. Raboff* (1956) 46 Cal.2d 375, 381.

*Gudger* does not help Storck because our Supreme Court later disapproved its relevant holding. In *Gudger*, the defendant obtained a judgment against the plaintiff's wife and purportedly recorded a writ of execution on her interest in real property. (*Gudger*, *supra*, 21 Cal.2d at p. 542.) However, the plaintiff owned the property separately from his wife, so the writ had no effect on the plaintiff's title. (*Ibid.*) Our Supreme Court held the defendant's recording of the writ against the wife's nonexistent

---

[2] Storck notes that the trial court did not address his allegation that Edelstein falsely told third parties he had valid liens on Storck's properties. Storck, however, provides no argument on whether the litigation privilege barred his slander of title claims insofar as they were based on that allegation. To the extent Storck contends that he stated a valid slander of title claim based on that allegation, he forfeited the contention by failing to adequately brief it in his opening brief. (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 ["[I]ssues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"].)

interest in the property was not privileged under Civil Code section 47, subdivision (b) because "[t]he levy of a writ of execution is not an act in the course of a judicial proceeding."  (*Gudger*, *supra*, at p. 545.)

Storck contends that, like the levy of a writ of execution in *Gudger*, Edelstein's filing the abstract of judgment is not privileged because it was not "part of the litigation." But our Supreme Court later expressly disapproved *Gudger*'s holding that "'[t]he levy of a writ of execution is not an act in the course of a judicial proceeding.'"  (*Albertson v. Raboff*, *supra*, 46 Cal.2d at p. 381.)  That holding, which Storck relies on, is therefore no longer good law.

Storck does not cite, nor can we locate, any other authority that suggests Edelstein's litigation privilege immunity ended when the trial court vacated the default judgment.  We therefore conclude that Storck failed to show, as he must, that the trial court erroneously found that the litigation privilege barred his slander of title claims insofar as they are based on Edelstein's filing the abstract of judgment.  (See *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [appellant bears burden of proving prejudicial error].)

C.  *Remaining Claims*

In his opening brief, Storck makes a perfunctory argument that the trial court erroneously sustained Edelstein's demurrer to his remaining causes of actions for intentional interference with contractual relationship, intentional interference with prospective economic advantage, and negligent interference with prospective economic

advantage. He argues that the trial court should not have "stricken" the causes of actions because they were "based on the same facts and legal contentions" as his slander of title claims and they "were in response to" the trial court's order sustaining Edelstein's demurrer.

However, Storck does not explain how any of these claims stated a viable cause of action. Storck has the burden of showing his pleadings stated "facts sufficient to establish every element of each cause of action." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) Because Storck fails to show that he properly stated a viable claim for intentional interference with contractual relationship, intentional interference with prospective economic advantage, or negligent interference with prospective economic advantage, we affirm the trial court's order sustaining Edelstein's demurrer to those claims. (See *Abatti v. Imperial Irrigation District* (2020) 52 Cal.App.5th 236, 295 [appellate court affirms order sustaining demurrer on any ground supported by the record, even if not relied on by the trial court].)

In any event, the trial court did not abuse its discretion in sustaining Edelstein's demurrer to Storck's interference claims in the FAC because they were not alleged in his prior complaints and he did not seek leave to add new claims. (See *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023.)

Relying on *Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1015 (*Patrick*), Storck argues he was permitted to add the interference cause of actions because they "directly respond[ed]" to the trial court's reasons for sustaining Edelstein's demurrer.

9

*Patrick* does not support Storck's position. In *Patrick*, the trial court sustained a demurrer in part because the plaintiff failed to allege that she had standing to bring a shareholder claim. (*Patrick*, *supra*, at p. 1015.) The plaintiff then filed an amended complaint in which she asserted a new declaratory relief claim. (*Ibid.*) The *Patrick* court held that the plaintiff properly added the cause of action because it "directly respond[ed] to the court's reason for sustaining the earlier demurrer" in that it properly alleged she had standing to bring a claim as a shareholder. (*Ibid.*)

Storck argues he permissibly added his interference causes of actions under *Patrick* because they were "in response to" the trial court's order sustaining Edelstein's demurrers. We disagree. Unlike the plaintiff's declaratory relief claim in *Patrick*, Storck's interference claims did not allege new facts that cured a deficiency in his previous pleadings identified by the trial court. Instead, as Storck acknowledges, his interference claims "were based totally on the same facts" as his slander of title claims alleged in his original and amended complaint. His interference causes of actions thus alleged Edelstein was liable for the same conduct, but on different theories of liability. Storck was not free to add these new causes of action without leave of court. (See *Community Water Coalition v. Santa Cruz County Local Agency Formation Commission* (2011) 200 Cal.App.4th 1317, 1329 ["It is the rule that when a trial court sustains a demurrer with leave to amend, the scope of the grant of leave is ordinarily a limited one. It gives the pleader an opportunity to cure the defects in the particular causes of action to which the demurrer was sustained, but that is all."].) Because Storck did not seek or

10

receive leave to add these new causes of actions, the trial court properly sustained Edelstein's demurrer to them without leave to amend. (See *Harris v. Wachovia Mortgage, FSB*, *supra*, 185 Cal.App.4th at p. 1023.)

D. *Leave to Amend*

"On appeal, a plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law. . . . Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action. . . . [¶] When a demurrer is sustained without leave to amend, this court decides whether a reasonable possibility exists that amendment may cure the defect; if it can we reverse, but if not we affirm. The plaintiff bears the burden of proving there is a reasonable possibility of amendment." (*Rakestraw v. California Physicians' Service*, *supra*, 81 Cal.App.4th at p. 43.)

"To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action. [Citations.] Absent such a showing, the appellate court cannot assess whether or not the trial court abused its discretion by denying leave to amend." (*Cantu v. Resolution Trust Corp.*, *supra*, 4 Cal.App.4th at p. 890.) In sum, the appellant must show that "the demurrer was sustained erroneously or that sustaining the demurrer without leave to amend was an abuse of discretion." (*Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020.)

11

Storck makes no attempt to explain how he could amend to state a viable cause of action.  Nor did he submit a proposed amended complaint. He therefore failed to show that the trial court erroneously sustained Edelstein's demurrers without leave to amend.

IV.

DISPOSITION

The trial court's orders sustaining Edelstein's demurrers without leave to amend are affirmed.  Edelstein may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.

12