[No. A058663. First Dist., Div. Four. Aug. 31, 1993.]

MARK A. WILTON, Cross-complainant and Appellant, v.
MOUNTAIN WOOD HOMEOWNERS ASSOCIATION, INC.,
Cross-defendant and Respondent.

## COUNSEL

Stephen R. Gianelli for Cross-complainant and Appellant.

Fong & Fong and Michael E. Scholtes for Cross-defendant and Respondent.

## OPINION

**PERLEY, J.**—Mark A. Wilton appeals from a judgment of dismissal after the demurrer of respondent Mountain Wood Homeowners Association, Inc., to his cross-complaint for slander of title was sustained without leave to amend. The trial court ruled that the publication of respondent's liens on appellant's property was protected by the litigation privilege under Civil Code section 47, subdivision (b). We agree and hold that the litigation privilege protects the publication of assessment liens by condominium homeowners associations.

### FACTS

Appellant's cross-complaint alleges the following facts. Appellant acquired title on May 1, 1984, to a condominium unit in Oakland. Respondent agreed to excuse appellant from paying homeowners' dues and assessments in exchange for appellant's services in maintaining and repairing the common areas near his unit. Appellant performed these services and was never billed for homeowners' dues. However, despite the performance of these

services, respondent filed a total of $12,600 in fraudulent assessment liens against appellant's unit. The existence of these liens was published to a number of parties, including the subsequent purchaser of the unit, Timothy Jones, and the selling broker and the title insurer of the unit. Respondent either published the liens maliciously with the intent to injure appellant or published them recklessly.

On or about March 24, 1989, appellant opened escrow for the sale of the unit to Mr. Jones. Jones agreed to purchase the property subject to the liens, provided he could obtain title insurance. He also agreed that if respondent enforced the liens after the purchase, he would allow appellant to oppose the liens in court. Jones promised not to bring suit over the liens against appellant, the broker or the title insurer. However, following the purchase, Jones sued the insurance company, which cross-claimed against appellant. As a result, appellant filed a cross-complaint against respondent because the false liens subjected him to liability and attorney fees.

## DISCUSSION

 This case presents what appears to be an issue of first impression: whether the publication of an assessment lien by a condominium homeowners association is absolutely privileged under Civil Code section 47, subdivision (b). This statute states that "A privileged publication or broadcast is one made: . . . [i]n any . . . judicial proceeding . . . ."

Condominium homeowners associations must assess fees on the individual owners in order to maintain the complexes. (Civ. Code, § 1366, subd. (a).) When an owner defaults, the association may file a lien on the owner's interest for the amount of the fees. (Civ. Code, § 1367, subd. (b).) If the default is not corrected, the association may pursue any remedy permitted by law, including judicial foreclosure or foreclosure by private power of sale. (Civ. Code, § 1367, subd. (d).)

The trial court ruled that the litigation privilege protected respondent's publication of assessment liens from appellant's action for slander or disparagement of title. Disparagement of title occurs when a person " 'without a privilege to do so, publishes matter which is untrue and disparaging to another's property . . . under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby . . . .' " (*Gudger* v. *Manton* (1943) 21 Cal.2d 537, 541 [134 P.2d 217], disapproved on other grounds in *Albertson* v. *Raboff* (1956) 46 Cal.2d 375 [295 P.2d 405].) The publisher is liable for the pecuniary loss to the owner as a result of the publication. (*Ibid.*)

If the publication is made by a party to a judicial proceeding, that publication is absolutely privileged and cannot be the subject of a disparagement suit. (*Silberg* v. *Anderson* (1990) 50 Cal.3d 205, 212 [266 Cal.Rptr. 638, 786 P.2d 365].) To be protected by this privilege, the statements must be "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) . . . have some connection or logical relation to the action." (*Ibid.*)

The requirement that statements be made "in" judicial proceedings does not limit the privilege to the pleadings and the evidence offered in court. (*Albertson* v. *Raboff, supra,* 46 Cal.2d at p. 381.) A publication is privileged when it is "required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked." (*Id.* at pp. 380-381.)[1] Thus, publications made "in the course of a judicial proceeding" can include communications made prior to the commencement of a lawsuit. (See, e.g., Rest.2d Torts § 586 and com. e [privilege extends to preliminary communications]; *Lerette* v. *Dean Witter Organization, Inc.* (1976) 60 Cal.App.3d 573, 577-578 [131 Cal.Rptr. 592] [prelitigation demand letter held to be privileged].)

*Frank Pisano & Associates* v. *Taggart* (1972) 29 Cal.App.3d 1, 25 [105 Cal.Rptr. 414], held that the filing of a mechanic's lien is privileged because the claim of lien is authorized by law and related to an action to foreclose. Our case is indistinguishable from *Pisano*. Like mechanics' liens, homeowners' assessment liens are permitted by law to achieve the object of litigation. Both types of liens must be filed as a first step in foreclosure actions to remedy defaults, and are thus closely related to judicial proceedings. We therefore conclude that the publication of homeowners' assessment liens is absolutely privileged under Civil Code section 47, subdivision (b).

Appellant argues that homeowners' assessment liens should not be privileged because such liens are not necessarily connected to a judicial proceeding. Unlike mechanics' liens, these liens may be enforced either by judicial

---

[1]*Albertson's* holding that lis pendens are absolutely privileged has been partially abrogated by a recent amendment to Civil Code section 47, subdivision (b), which now provides that lis pendens are protected only when the party using this remedy has filed an action affecting title or possession to the property with a court of competent jurisdiction. This amendment may have been prompted by concerns that lis pendens were often filed by parties without any legitimate claim. (Cf. 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 272, p. 299 [noting that lis pendens were "easily invoked with little hazard to cloud titles and force settlement of groundless suits"].) We have not been apprised of any similar concerns with respect to homeowners assessment liens but, in any event, the amendment to Civil Code section 47, subdivision (b) does not detract from the reasoning in *Albertson* upon which we rely.

foreclosure or by private power of sale. (Civ. Code, § 1367, subd. (d).) Appellant reasons that assessment liens should be treated like deeds of trust, which also may be foreclosed judicially or by private sale (Civ. Code, § 2924 et seq.; Code Civ. Proc., § 725, subd. (a)), and which, if false, can support a claim for disparagement of title (*Forte* v. *Nolfi* (1972) 25 Cal.App.3d 656, 686 [102 Cal.Rptr. 455]).

However, the mere existence of an alternative to litigation does not necessarily eliminate the litigation privilege. (See *Lerette* v. *Dean Witter Organization, Inc., supra,* 60 Cal.App.3d at pp. 575, 580-581 [demand letter threatening litigation but urging settlement is privileged].) Moreover, deeds of trust are significantly different from homeowners' assessment liens. Deeds of trust are filed with the owner's consent and, at least initially, their purpose is to facilitate credit rather than to collect debts. Although deeds of trust may be foreclosed judicially after a default, they are not at their inception related to judicial proceedings. In contrast to deeds of trust, assessment liens are imposed unilaterally, only after a default, and only to initiate the foreclosure process. They are more analogous to mechanics' liens than deeds of trust in their purpose and effect.[2]

We further conclude that the litigation privilege attaches to the publication of an assessment lien even if the homeowners association has not decided, at the point the lien is filed, that it will pursue a judicial foreclosure, and even if the lien is ultimately enforced by a private sale. To conclude otherwise would make the privilege hinge upon factual inquiries into which remedy associations intended to use, and might lead associations to resort to judicial foreclosure in every case simply to avoid the risk of tort liability. There is no reason to flood the courts with such cases. The Legislature has given homeowners associations a remedy of private sale, and we must avoid deterring the use of that remedy while at the same time protecting associations' access to the courts for purposes of judicial foreclosures. ▮ The litigation privilege is created to afford "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Silberg* v. *Anderson, supra,* 50 Cal.3d at p. 213.) ▮ Thus, we would not reach a different result even if, as appellant alleged below in opposition to the demurrer, respondent informed a third party that it intended to enforce the lien through a private sale.

▮ Appellant also contends that the privilege should not apply because respondent's publication was intentional and malicious. He cites *Earp* v.

---

[2]We note also that while the prospect of tort liability for forged deeds of trust does not affect the availability of credit, that prospect could greatly impair the efficacy of assessment liens.

*Nobmann* (1981) 122 Cal.App.3d 270 [175 Cal.Rptr. 767], for the proposition that this kind of disparagement is an exception to the privilege. However, *Silberg* v. *Anderson, supra,* 50 Cal.3d at page 216, held that the absolute privilege extends to publications in judicial proceedings regardless of whether malice or intent to harm was involved. The court disapproved *Earp* and other cases which sought to limit the privilege to publications which serve the "interests of justice." (*Id.,* at pp. 216-219.) Therefore, this contention is meritless.

We do not share appellant's concern that our decision will prompt condominium associations to file a flood of fraudulent assessment liens against their neighbors, but should that occur the Legislature is free to limit the litigation privilege for such liens as it has recently done with respect to lis pendens (see fn. 1, *ante*).

■ We note finally that our holding does not prevent those who are subject to homeowners' assessment liens from seeking declaratory relief or filing quiet title actions to contest the validity of liens that are improper.

DISPOSITION

The judgment of dismissal is affirmed. Costs to respondent.

Anderson, P. J., and Reardon, J., concurred.