**In re: SPECIALTY RESTAURANTS CORPORATION, Specialty, Restaurants Corporation, Debtor,**

**Mike Mooney & Associates; Shawn Mooney, individually and as Successor to Mike Mooney & Associates, Appellants,**

v.

**Specialty Restaurant Corporation, Appellee.**

No. 01–56729.
BAP No. CC–00–01464–MaBK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 16, 2002.

Before NOONAN, WARDLAW and BERZON, Circuit Judges.

## MEMORANDUM*

Appellants Mike Mooney & Assoc. and Mike Mooney (collectively "Mooney") appeal from the bankruptcy court's decision sustaining Debtor/Appellee Specialty Restaurants Corp.'s ("Specialty") objections to proofs of claim submitted by Mooney based on two contracts involving land owned by Specialty in Foster City, California. The bankruptcy court's decision was affirmed by the Bankruptcy Appellate Panel. We have jurisdiction under 28 U.S.C. § 158(d). We affirm the bankruptcy court and deny Specialty's motion for sanctions.

The parties are familiar with the facts of the case. Stated briefly, Mooney claims over $2 million in damages based on two contracts. He claims that Specialty breached a covenant of good faith and fair dealing contained in a listing contract between Mooney and Specialty that expired in 1991. He also claims that Specialty intentionally interfered with a listing contract for the lease of the Foster City property between Mooney and Bridge Landing Assoc., L.P. ("BLA"), a limited partnership between Specialty, as limited partner, and Praxis Development Corp., as general partner. Specialty was not a party to the second contract. Mooney's claims are based on five acts by Specialty:

(1) Specialty's repudiation of the BLA agreement through ultimately successful litigation against Praxis;

(2) Specialty's retention of another broker to sell the property, which Mooney's contract with BLA gave him an exclusive right to lease;

(3) Removal of Mooney's sign from the property during the litigation;

(4) The other broker's development proposals to Applied Biosystems, a prospective lessor presented by Mooney to BLA, and;

(5) Specialty's direct contacts with Applied Biosystems, culminating in an offer to sell the property to Applied Biosystems.

We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *See In re Jastrem,* 253 F.3d 438, 441 (9th Cir.2001). In decisions on appeal from the Bankruptcy Appellate Panel, we independently review the decision of the bankruptcy court. *See In re Sheehan,* 253 F.3d 507, 511 (9th Cir.2001).

### A. *Specialty's repudiation of the BLA agreement*

■ Specialty claims that its conduct in its litigation to dissolve the BLA joint venture is privileged under California's litigation privilege. Cal. Civil Code § 47(b). The litigation culminated in the dissolution of the BLA joint venture, making the lease of the property through BLA impossible. The ruling was affirmed on appeal to the district court and to this court. *See Praxis Development Group v. Specialty Restaurants Corp.,* No. CV 96–8246 (C.D.Cal. Jan. 12, 2000), *aff'd* 21 Fed.Appx. 707 (9th Cir.2001).

California's litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve objects of litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

P.2d 365 (1990). The privilege is "absolute in nature." *Id.* at 215, 266 Cal.Rptr. 638, 786 P.2d 365. As such, it is broadly construed to include communications outside of the courtroom. *See Wilton v. Mountain Wood Homeowners Assn.,* 18 Cal. App.4th 565, 569, 22 Cal.Rptr.2d 471 (1993). It is intended to afford "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg,* 50 Cal.3d at 213, 266 Cal.Rptr. 638, 786 P.2d 365.

The privilege does not apply to cases brought without probable cause. *See Pacific Gas & Elec. Co. v. Bear Stearns & Co.,* 50 Cal.3d 1118, 1131, 270 Cal.Rptr. 1, 791 P.2d 587 (1990). Absent fraud, probable cause is conclusively presumed from victory at trial. *See Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 886 (9th Cir.2000); *Roberts v. Sentry Life Ins.,* 76 Cal.App.4th 375, 383, 90 Cal.Rptr.2d 408 (1999). Because Specialty was victorious at trial and Mooney does not allege fraud, the presumption of probable cause applies. Mooney makes several arguments as to why the presumption should not apply, none of which are convincing. Allowing third parties to relitigate the issue of probable cause would hardly further the policy of providing "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg,* 50 Cal.3d at 213, 266 Cal. Rptr. 638, 786 P.2d 365. Specialty's litigation against Praxis is privileged under Cal. Civ.Code § 47 and cannot form the basis of liability under either an implied covenant of good faith and fair dealing or tortious interference with contract claim.

### B. *Specialty's other actions*

█ The bankruptcy court found that the evidence did not demonstrate that Specialty's retention of another broker, that broker's contacts with Applied Biosystems, and the removal of Mooney's sign from the property interfered with Mooney's contract with BLA or violated the implied covenant of good faith and fair dealing under the expired listing agreement between Specialty and Mooney. Regarding Specialty's direct contacts with Applied Biosystems the bankruptcy court found that Applied Biosystems was not "ready, willing and able" to enter into a lease for the property before the dissolution of the BLA joint venture.

A factual finding is clearly erroneous only if the court of appeals has a "definite and firm conviction that a mistake has been made." *United States v. Hughes Aircraft Co.,* 162 F.3d 1027, 1030 (9th Cir. 1998). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Working,* 224 F.3d 1093, 1102 (9th Cir.2000) (en banc). We do not believe that the bankruptcy court clearly erred in assessing the four acts by Specialty that are not protected by California's litigation privilege.

Specialty's direct contacts with Applied Biosystems during the pendency of the *Praxis* litigation do present the closest question as to intentional interference with contract. We are unable to say, however, that the bankruptcy court clearly erred in finding that Applied Biosystems was not "ready, willing and able" to enter into a lease for the property through Mooney. Ken Mantoani, Applied Biosystems' director of support services, was involved in negotiations with both BLA and Specialty. He testified that Applied Biosystems was straddling the fence between Specialty and BLA from the time it learned of the *Praxis* lawsuit. Mooney admits as much in his reply brief: "Not surprisingly, Mr. Mantoani's very first reason for [Applied Biosystems'] having cooled off negotiations

with Praxis was the pendency of the [*Praxis*] case."

As noted above, the *Praxis* litigation was privileged. In addition to the uncertainty surrounding the litigation, Applied Biosystems' potential lease of the property was hampered by internal changes within Applied Biosystems and a dispute between Applied Biosystems and its then landlord. Given these facts, the bankruptcy court could have found that Applied Biosystems was not "ready, willing and able" to enter a lease for the property until after the *Praxis* litigation concluded, at which time a lease with BLA was no longer possible.

For the foregoing reasons, the judgment of the bankruptcy court is AFFIRMED.

Specialty's Motion for Sanctions is DENIED.