# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Kurtz v. Hubbard*, 2012 IL App (1st) 111360

---

| | |
|---|---|
| Appellate Court Caption | MARYANN MIJAJLOVIC KURTZ, Plaintiff-Appellant, v. DARRELL HUBBARD, ANDREA RIEGSECKER, and SUDLER & COMPANY, an Illinois Corporation, Defendants-Appellees (630 North State Parkway Condominium Association, an Illinois Not-For-Profit Corporation, Michael Schwartz, James Fields, Steven P. Levy, and Regina Gubic, Defendants). |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-1360 |
| Filed | May 17, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The counts of plaintiff's complaint alleging false light and slander of title based on defendants' recording of a lien for the assessments due on plaintiff's condominium were improperly dismissed on the ground that the statements made in the lien were absolutely privileged as statements made in the course of judicial proceedings, since the statements were not sufficiently related to the suit filed by defendant condominium association to recover the assessments in order to qualify for the absolute privilege; rather, the suit and the lien were independent remedies for recovery of the unpaid assessments, and therefore, the lien statements were only entitled to a qualified privilege and would receive protection from liability if they were not made with knowledge of their falsity or with reckless disregard as to their truth or falsity. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-015823; the Hon. Drella Savage, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Seymour Kurtz, of Chicago, for appellant. |
| | O'Hagan Spencer LLC, of Chicago (Kevin M. O'Hagan, James W. Davidson, and David M. Poell, of counsel), for appellees. |
| Panel | JUSTICE STERBA delivered the judgment of the court, with opinion. Presiding Justice Lavin and Justice Fitzgerald Smith concurred in the judgment and opinion. |

## OPINION

¶ 1      Plaintiff-appellant Maryann Mijajlovic Kurtz filed a complaint against 630 North State Parkway Condominium Association, Michael Schwartz, Darrell Hubbard, Andrea Riegsecker, James Fields, Sudler & Company, Steven P. Levy, and Regina Gubic, alleging false light in filing a suit for possession of her condominium unit, malicious prosecution, false light relating to wrongfully recording a lien against title to her home, slander of title, breach of fiduciary duty (against the individual defendants only), and conspiracy to damage and defame. Defendants-appellees Hubbard, Riegsecker, and Sudler & Company (defendants)[1] filed a motion to dismiss in the circuit court, which was granted on the basis that defendants' statements in the lawsuit and the lien were absolutely privileged. On appeal, plaintiff contests only the dismissal of counts III and IV, arguing that the content of the lien was not absolutely privileged. For the following reasons, we reverse the order of the circuit court dismissing counts III and IV and remand for further proceedings.

¶ 2                          BACKGROUND

¶ 3      On December 29, 2008, the 630 North State Parkway Condominium Association (the Association) brought an action against plaintiff for possession of her condominium unit and judgment for assessments. The lawsuit specifically alleged plaintiff owed the Association $15,593.49, an amount that included unpaid assessments, late charges, and attorney fees. Two weeks later, on January 15, 2009, the Association recorded a lien against plaintiff on her property located at 630 North State Parkway No. 2701, Chicago, Illinois, as well as "Parking P-108 & P-109." The lien stated, in relevant part:

_____

[1]Pursuant to plaintiff's motion, the remaining defendants were voluntarily dismissed without prejudice on April 12, 2011.

"[S]aid property is subject to a Declaration of Condominium recorded in the office of the Recorder of Deeds of Cook County, Illinois. Said Declaration provides for the creation of a lien for the annual assessment or charges of the 630 N. State Parkway Condominium Association and the special assessment for capital improvements, together with interest, costs and reasonable attorney's fees necessary for said collection. That as of the date hereof, the assessment due, unpaid and owing to the claimant on account, after allowing all credits with interest, costs and attorneys fees, the claimant claims a lien on said land in the sum of $15,593.49, which sum will increase with the levy of future assessments, costs and fees of collection, all of which must be satisfied prior to any release of this lien."

In March 2009, the Association modified its payment request and sought only $4,365.52 from plaintiff, which she paid in full. Upon receiving this payment, the Association voluntarily dismissed its suit. The Association also provided plaintiff with a release of the lien, which stated that the lien in the amount of $15,593 "has been fully and completely satisfied." Plaintiff declined to sign the release on the grounds that it implied she did in fact owe the Association the amount stated, which she denies. To the best of her knowledge, the lien remains pending.

¶ 4      On December 28, 2009, plaintiff filed a six-count complaint against defendants, among others. The only counts at issue in this appeal are counts III and IV, alleging false light and slander of title in connection with the recording of the lien. Specifically, count III alleged defendants willfully or with gross negligence placed plaintiff in a false light before the community by recording a lien the contents of which they knew to be false. Similarly, count IV alleged defendants knowingly retained a law firm to prepare and record a false lien that they knew would become public and impair the marketability and value of plaintiff's unit.

¶ 5      Defendants filed a motion to dismiss plaintiffs' complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-619.1 (West 2010). At oral argument on defendants' motion, plaintiff agreed to dismiss count I, which alleged false light in connection with the filing of the lawsuit. The circuit court granted defendants' motion to dismiss the remaining counts in a written order dated January 24, 2011. Specifically, the court explained that in order to file suit for possession, defendants "were required to file and record the lien." As such, the court concluded that because the allegations in the suit were absolutely privileged as statements made in the course of judicial proceedings, so too were the nearly identical statements made in the lien.

¶ 6      Plaintiff timely appeals the circuit court's dismissal of counts III and IV.


¶ 7                                              ANALYSIS

¶ 8      A motion to dismiss under section 2-619 of the Illinois Code of Civil Procedure admits the legal sufficiency of the complaint but asserts an affirmative matter outside the pleading that defeats the claim. *Goldberg v. Brooks*, 409 Ill. App. 3d 106, 110 (2011); see also 735 ILCS 5/2-619.1 (West 2010). An affirmative defense based on a privilege may be raised in the context of a section 2-619 motion. *Hartlep v. Torres*, 324 Ill. App. 3d 817, 819 (2001). We review *de novo* the question of whether a statement is privileged. *Id*.

¶ 9    In the case *sub judice*, plaintiff appeals the dismissal of the counts alleging false light and slander of title in connection with defendants' filing of the lien. In order to state a claim for false light, a plaintiff must allege (1) defendant's actions placed the plaintiff in a false light before the public; (2) the false light would be highly offensive to a reasonable person; and (3) the defendant acted maliciously. *Salamone v. Hollinger International, Inc.*, 347 Ill. App. 3d 837, 844 (2004). Similarly, a plaintiff alleging slander of title must show that the defendant made a false and malicious publication which disparaged plaintiff's title to property and caused damages. *Chicago Title & Trust Co. v. Levine*, 333 Ill. App. 3d 420, 424 (2002).

¶ 10    In support of their motion to dismiss these counts in the circuit court, defendants invoked the absolute privilege afforded to statements made in the course of judicial or quasi-judicial proceedings. Specifically, the privilege applies to any "communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding *** if the matter has some relation to the proceeding." Restatement (Second) of Torts § 587 (1977); see also *Golden v. Mullen*, 295 Ill. App. 3d 865, 870 (1997) (privilege extends to actions necessarily preliminary to judicial or quasi-judicial proceedings). The basis for the privilege is to protect otherwise actionable conduct from liability because the defendant is " 'acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation.' " *Thomas v. Petrulis*, 125 Ill. App. 3d 415, 418 (1984) (quoting William L. Prosser, Torts § 114, at 776 (4th ed. 1971)). The interest at issue in privileging statements made in judicial proceedings is the public interest in granting all individuals the " 'utmost freedom of access' " to courts for resolution of their disputes. *Malevitis v. Freidman*, 323 Ill. App. 3d 1129, 1132 (2001) (quoting Restatement (Second) of Torts § 587 cmt. a (1977)).

¶ 11    In general, the defense of absolute privilege is available against both false light and slander of title claims. See *Duncan v. Peterson*, 408 Ill. App. 3d 911, 919 (2010) (false light); *Ringier America, Inc. v. Enviro-Technics, Ltd.*, 284 Ill. App. 3d 1102, 1105-06 (1996) (slander of title). However, the narrower issue of whether statements made in an assessment lien are absolutely privileged in the same way as statements made as part of judicial or quasi-judicial proceedings is one of first impression in Illinois.

¶ 12    It is useful to begin by examining the statutory remedies available to a condominium association to collect allegedly unpaid assessments and fees from residents. Sections 9(g) and 9(h) of the Condominium Property Act (Act) provide that where a resident is in default in its payment obligations, the amount due "shall constitute a lien on the interest of the unit owner of the property" which may be foreclosed by the board of managers. 765 ILCS 605/9(g)(1), (h) (West 2010). Alternatively, pursuant to section 9.2 of the Act, titled "Other remedies," the board of managers may maintain an action for possession against the defaulting unit owner. 765 ILCS 605/9.2(a) (West 2010); see also *Board of Directors of the Warren Boulevard Condominium Ass'n v. Milton*, 399 Ill. App. 3d 922, 927 (2010).

¶ 13    It is undisputed that the allegations in the action brought by the Association for possession of plaintiff's unit are absolutely privileged so as to bar any claim for false light on that basis. See *McGrew v. Heinold Commodities, Inc.*, 147 Ill. App. 3d 104, 114-15

-4-

(1986). Thus, the initial issue is whether the lien was sufficiently related to the Association's suit so as to also qualify for the privilege. Plaintiff aptly notes, and defendants agree, that recording a lien is not a prerequisite to filing a lawsuit for possession. This is borne out by the fact that the lawsuit was filed several weeks before the lien was recorded. Nevertheless, defendants argue that because the statements in the lien were nearly identical to those in the suit, and both publications were authorized by statute, the same privilege must necessarily attach. We disagree. When evaluating a claim of privilege, it is the context, rather than the statement itself, that is important. See, *e.g.*, *Anderson v. Beach*, 386 Ill. App. 3d 246, 250-51 (2008) (emphasizing need to consider "occasion" for communication to determine if a privilege applies). Moreover, Illinois does not accord an absolute privilege to any proceeding that is authorized by law. *Matviuw v. Johnson*, 70 Ill. App. 3d 481, 488 (1979). Therefore, merely because the publishing of the lien was authorized by statute does not mandate a finding that the contents of the lien were absolutely privileged.

¶ 14     We do not find defendants' analogy between a lien claim and a *lis pendens* notice helpful in this regard. In *Ringier America*, cited by defendants, we held, as a matter of first impression, that the absolute privilege afforded to statements contained in judicial pleadings extended to the filing of an associated *lis pendens* notice, where the underlying complaint made allegations affecting an ownership interest in the subject property. *Ringier America*, 284 Ill. App. 3d at 1105. We adopted the reasoning of the California Supreme Court in *Albertson v. Raboff*, 295 P.2d 405, 409 (Cal. 1956), which stated that it would be incongruous to apply a privilege to statements made in a lawsuit, but withdraw the protection of the privilege where a litigant publishes only the fact that he has brought the suit, particularly where he is authorized by statute to make that publication.

¶ 15     The recording of a lien is readily distinguishable from the publishing of a *lis pendens* notice. A *lis pendens* notice is intended to alert persons that the property in question is involved in litigation. *Applegate Apartments Ltd. Partnership v. Commercial Coin Laundry Systems*, 276 Ill. App. 3d 433, 444 (1995). The notice is dependent on the underlying litigation for its existence. Indeed, the notice itself provides only the title of and the parties to the underlying litigation, the court in which it was brought, and a description of the property. 735 ILCS 5/2-1901 (West 2010). In contrast, the lien in the instant case existed separately from the litigation. This is evidenced by the fact that nowhere in the lien did defendants mention a simultaneous suit for possession had been filed as to the same property. While the purpose of both an assessment lien and a suit for possession and judgment is to recover unpaid fees from residents, the two remedies are independent of each other. See, *e.g.*, *Milton*, 399 Ill. App. 3d at 923 (board of directors of condominium association brought suit for possession against the plaintiff to recover unpaid assessments, but did not file or record claim for lien). Because a lien and a *lis pendens* notice are thus distinguishable, the reasoning behind extending an absolute privilege to a *lis pendens* notice does not apply with equal force to extending the privilege to duly recorded liens.

¶ 16     In the alternative, defendants maintain that the statements in the lien, even when considered apart from the suit for possession, are nevertheless absolutely privileged because the recording of a lien is a necessary prerequisite to bringing a foreclosure action, which is a judicial proceeding entitled to an absolute privilege. See *Parrillo, Weiss & Moss v.*

*Cashion*, 181 Ill. App. 3d 920, 928 (1989) (absolute privilege protects actions necessarily preliminary to judicial proceedings).

¶ 17 As there is no Illinois authority directly addressing this issue, defendants point us to California, where courts have held that the filing of a lien claim is absolutely privileged as part of a judicial proceeding. For example, in *Wilton v. Mountain Wood Homeowner's Ass'n*, 22 Cal. Rptr. 2d 471, 472-73 (Cal. Ct. App. 1993), the defendant condominium homeowner's association published a fraudulent assessment lien against the plaintiff. In response, the plaintiff filed a slander of title claim against the defendant, to which the defendant replied that its publication of the lien was absolutely privileged under the protection afforded to statements made in the course of judicial proceedings. *Id.* at 473-74. The California Court of Appeal agreed, relying on the Restatement (Second) of Torts and reasoning that the publication of the lien was the first step in a foreclosure action, and thus "closely related to judicial proceedings." *Id.* at 474. The court was not persuaded by the plaintiff's argument that the privilege should not attach because the lien could be enforced by private sale rather than a judicial foreclosure. *Id.* at 474. Instead, the court held the privilege attached *even if the homeowner's association had not determined which enforcement method it would use at the time it filed the lien*. *Id.* at 570; but see *Simmons v. Futral*, 586 S.E.2d 732, 734 (Ga. Ct. App. 2003) (statements of surveyor's lien are not privileged until lien is attached to lawsuit and verified notice of suit is filed); *Jeffrey v. Cathers*, 104 S.W.3d 424, 430 (Mo. Ct. App. 2003) (filing of mechanic's lien, standing alone, not absolutely privileged).

¶ 18 Defendants urge us to adopt the holding in *Wilton*, arguing that making the privilege dependent upon whether a lien is followed by a suit to foreclose will flood the courts with foreclosure suits filed in order to avoid tort liability. See *Wilton*, 22 Cal. Rptr. 2d at 570. While we recognize this possibility, we also share plaintiff's concern that absolutely privileging lien statements would allow unscrupulous condominium associations or board members to record fraudulent assessment liens against homeowners with impunity.

¶ 19 Fortunately, we need not accept either of these two untenable outcomes in our decision today, as the law recognizes another, narrower privilege in these circumstances. Specifically, Illinois courts have long held that the act of maliciously recording a document, such as a lien, that clouds title to real estate is sufficient to support a claim for slander of title. See, *e.g.*, *Levine*, 333 Ill. App. 3d at 424-25 (attorney's lien); *Gambino v. Boulevard Mortgage Corp.*, 398 Ill. App. 3d 21, 62 (2009) (mortgage lien); *Contract Development Corp. v. Beck*, 255 Ill. App. 3d 660, 665 (1994) (mechanic's lien). This precedent provides the basis for our holding that statements in a lien must be conditionally rather than absolutely privileged. As defendants acknowledge, if an absolute privilege were accorded to statements made in a lien, a showing of malice would be insufficient to defeat this privilege. See *Zych v. Tucker*, 363 Ill. App. 3d 831, 834 (2006) ("[a]n absolute privilege provides a complete immunity from civil action even though the statements were made with malice"). On the other hand, proof of malice *will* defeat a qualified privilege. *Id.* at 838. Therefore, implicit in the requirement that malice must be shown in an action for disparagement of title based on the recording of a lien is the existence of a qualified privilege for the statements made in the lien.

¶ 20 Our decision finds support in the case of *Gregory's, Inc. v. Haan*, 545 N.W.2d 488 (S.D. 1996), where the South Dakota Supreme Court declined to apply an absolute privilege to

statements made in a materialman's lien that was not followed by a suit to enforce, reasoning that a lawsuit does not necessarily follow from the filing of a lien, yet the lien remains an encumbrance on the property. *Haan*, 545 N.W.2d at 494. Instead, the court held the application of a conditional privilege better served public policy and was, in fact "subsumed in the requirement that the person suing for disparagement of title must show malice." *Id.*

¶ 21 Significantly, in Illinois, just as in South Dakota, while it is generally necessary to record a lien prior to bringing a suit for foreclosure (see, *e.g.*, *Fandel v. Allen*, 398 Ill. App. 3d 177, 185 (2010)), a foreclosure suit does not always follow as a matter of course. In the meantime, the lien encumbers the property. Indeed, the Illinois statute allowing for an assessment lien does not specify when or if such a lien expires in the event suit is not brought to enforce it. 765 ILCS 605/9(g)(1), (h) (West 2010). As a result, a fraudulent assessment lien may encumber property indefinitely, with the onus on the liened party to take affirmative judicial action to remove it. Under these circumstances, and in light of our own long-standing precedent upholding a cause of action for the malicious recording of liens, we hold that a qualified rather than absolute privilege applies to statements made in a duly recorded condominium assessment lien that is not followed by a suit to foreclose.

¶ 22 Thus, the lien statements at issue in this case should only receive protection from tort liability if it is determined they were not made with knowledge as to their falsity or with reckless disregard as to their truth or falsity. See *Kuwik v. Starmark Star Marketing & Administration, Inc.*, 156 Ill. 2d 16, 24 (1993) (describing when a qualified privilege affords protection from liability).

¶ 23          CONCLUSION

¶ 24 For the reasons stated, we reverse the circuit court's order dismissing counts III and IV and remand for further proceedings consistent with this opinion.

¶ 25 Reversed and remanded.