# Illinois Official Reports

## Appellate Court

---

### *Porada v. Lavelle*, 2018 IL App (1st) 171818

---

| | |
|---|---|
| Appellate Court Caption | ROBERT J. PORADA, Plaintiff-Appellant, v. MARTHA JANE LAVELLE; SCOTT M. FLEMING SR.; NOREEN T. COADY; LAURENCE BACHELARD; TERESA GING; YVETTE D. YOUNG; KATE BRINDISE; CITY CENTRE CONDOMINIUM ASSOCIATION, an Illinois Not-for-Profit Corporation; SUDLER AND COMPANY; SUDLER PROPERTY MANAGEMENT; SUDLER PROPERTY & MANAGEMENT, INC.; and SUDLER BUILDING SERVICES, LLC, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-17-1818 |
| Filed | November 9, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-M6-211; the Hon. Laurence J. Dunford, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |
| Counsel on Appeal | Robert J. Porada, of Chicago, appellant *pro se*.<br><br>Kovitz, Shifrin, Nesbit, of Chicago (Diane J. Silverberg, of counsel), for appellees. |

| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Justice Harris concurred in the judgment and opinion.<br>Presiding Justice Delort specially concurred, with opinion. |

**OPINION**

¶ 1    The plaintiff-appellant, Robert Porada, appearing *pro se*,[1] appeals the circuit court's dismissal of his complaint against the defendants-appellees, Martha Jane Lavelle, Scott M. Fleming Sr., Noreen T. Coady, Laurence Bachelard, Teresa Ging, Yvette D. Young, Kate Brindise, City Centre Condominium Association, Sudler and Company, Sudler Property Management, Sudler Property & Management, Inc., and Sudler Building Services, LLC. Porada argues on appeal that the circuit court erred in finding his complaint to be a strategic lawsuit against public participation (SLAPP)[2] and in awarding attorney fees to the defendants. Porada also argues that the circuit court erred in denying his oral motion for leave to amend his complaint. For the following reasons, we affirm the judgment of the circuit court of Cook County in part and vacate the judgment in part.

¶ 2                                    BACKGROUND

¶ 3    Porada owns a condominium unit and garage space at 208 West Washington Street, Chicago, Illinois, a building which is a part of the City Centre Condominium Association, an Illinois not-for-profit corporation (Association). The Association is governed by a Board of Directors (Board), and the Association's condominiums are operated and maintained by Sudler and Company, Sudler Property Management, Sudler Property & Management, Inc., and Sudler Building Services, LLC (collectively, Sudler).

¶ 4    On January 11, 2017, Porada filed a nine-count complaint against the defendants. Other than the Association and Sudler, the individual defendants are named in the complaint as members of the Board or as "agent[s] and/or employee[s] and/or servant[s]" of the Association and/or Sudler. Each of the nine counts contained identical allegations, that each defendant is "guilty" of the following:

   "(a) Intentionally, maliciously, deliberately, and recklessly stated, in the presence of others (*i.e.* 'publication'), that [Porada's] ownership, possession, and use of his condominium unit and various appurtenant limited common elements at City Centre Condominium Association was 'illegal';

   (b) Intentionally, maliciously, deliberately, and recklessly communicated, in the presence of others (*i.e.* 'publication'), that [Porada's] ownership, possession, and use of his condominium unit and various appurtenant limited common elements at City Centre Condominium Association constituted criminal conduct;

   (c) Intentionally, maliciously, deliberately, and recklessly interfered with, obstructed, thwarted, refused and opposed [Porada's] ownership, possession, and use

---

[1]Porada is an attorney.

[2]This type of lawsuit is also commonly referred to as "anti-SLAPP."

of his condominium unit and various appurtenant limited common elements at City Centre Condominium Association;

 (d) Intentionally, maliciously, deliberately, and recklessly interfered with, obstructed, thwarted, refused and opposed the activation of [Porada's] 'transponder';

 (e) Intentionally, maliciously, deliberately, and recklessly devised, formulated, enacted, participated in, and carried out a premeditated scheme to deprive [Porada] of and wrongfully take from [Porada] his ownership, possession, and use of his condominium unit and various appurtenant limited common elements at City Centre Condominium Association;

 (f) Engaged in numerous other instances of intentional, malicious, deliberate, and reckless conduct."

The complaint alleged that "[a]s a direct and proximate result of one or more of the foregoing intentional, malicious, deliberate, and reckless acts" by the defendants, Porada "sustain[ed] injury and incur[red] damages." The complaint sought $15,000 in damages per count, totaling $135,000.

¶ 5 The defendants filed a motion to dismiss Porada's complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2016)), asserting that his action was barred by the Illinois Citizen Participation Act (Act) (735 ILCS 110/1 *et seq.* (West 2016)), which the defendants asserted applies to any action to dispose of a claim in a judicial proceeding where "the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government." *Id.* § 15. The defendants' motion asserted that the Act immunized them from Porada's complaint because the complaint was a strategic lawsuit against public participation, also known as a SLAPP lawsuit. See *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 33 (a SLAPP lawsuit is an attempt to silence citizens who are exercising their right to petition the government for a redress of grievances). The defendants' motion alleged that Porada's complaint was a SLAPP lawsuit because it was filed in retaliation for the Association filing a lawsuit against him nine months earlier.

¶ 6 The defendants' motion explained that on April 5, 2016, the Association filed a complaint in the circuit court of Cook County against Porada, seeking a declaratory judgment that he leased his parking space to a nonresident, in violation of the Association's rules and regulations (the underlying lawsuit).[3] The motion attached an affidavit from the president of the Board, Scott M. Fleming Sr. Fleming's affidavit stated that the Board demanded proof that Porada's parking space arrangement did not violate the Association's rules and regulations, and when Porada refused to provide an affidavit as requested, the Board voted to initiate litigation against him. Fleming's affidavit further stated that after the underlying lawsuit was filed, Porada "appeared at the Association's annual [B]oard meeting with a court reporter and asked to record the meeting." According to the affidavit, during the annual Board meeting, Porada alleged that one of the Board members did not own her unit and therefore could not serve as a Board member, and then implied that he would file *lis pendens*[4] actions against all of the units in the building.

---

[3]The underlying lawsuit is currently pending in the circuit court of Cook County.

[4]A *lis pendens* notice is intended to alert the public that the property in question is involved in litigation. *Kurtz v. Hubbard*, 2012 IL App (1st) 111360, ¶ 15.

¶ 7        The defendants' motion argued that Porada's complaint was retaliatory and, thus, subject to dismissal as a SLAPP lawsuit under the Act in light of Porada's harassing behavior, the proximity in time regarding Porada's filing of his lawsuit, the lack of merit of Porada's complaint, and the high amount of damages requested without specificity as to how they were calculated. In further support of their argument that Porada's complaint was a SLAPP lawsuit, the defendants' motion pointed out that on January 11, 2017, Porada was scheduled to take a deposition of one of the defendants for the underlying lawsuit, but he cancelled it and filed his complaint in the instant action on that same day. He filed his complaint in the sixth municipal district, a distant forum from the first municipal district in which the underlying lawsuit had been filed and was then pending.

¶ 8        The defendants' motion further argued that in the alternative, Porada's complaint should be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)) for failing to allege facts supporting any cause of action. The motion stated:

"In his nine-count Complaint, [Porada] contends that all defendants were 'intentional, malicious, deliberate, and reckless.' [Porada] contends that defendants 'stated' 'communicated' or 'inferred' that Plaintiff was engaged in 'illegal' behavior. [Porada], however, fails to allege with any level of specificity how these actions were taken, what specific statements, inferences, or communications were made or when. Nor does [Porada] describe *who* made certain statements. [Porada] leaves Defendants to guess what it is they are being required to defend against. As such, the Complaint should be dismissed against all named Defendants as [Porada] has not alleged facts which would support a cause of action upon which relief can be granted."

¶ 9        Porada responded to the defendants' motion, claiming that he adequately pleaded facts to support his claims, that the underlying lawsuit had nothing to do with him filing his complaint in the instant case, and that his actions of recording the annual Board meeting and cancelling the deposition were irrelevant. He also denied threatening to file *lis pendens* actions against all other units in the building.[5]

¶ 10       On July 18, 2017, the trial court heard oral arguments on the defendants' motion to dismiss. The court told Porada: "Your complaint is a little bit conclusory with the issue of damages and with whether or not it's a libel or slander case or an intentional infliction of emotional distress." After arguments concluded, the court stated:

"There is absolutely no reason why this case shouldn't or couldn't have been filed as a counterclaim or a third-party complaint in the [underlying lawsuit]. *** My ruling is that [the defendants] participated in public policy by filing the lawsuit against you, which is public right, and therefore, you're [*sic*] filing this lawsuit in response to their lawsuit is a SLAPP case."

The trial court then entered an order stating that the defendants' motion to dismiss pursuant to section 2-619 of the Code, predicated upon the Act, was also granted and that Porada's complaint was dismissed with prejudice. The order further stated that, in the alternative, the defendants' motion to dismiss pursuant to section 2-615 of the Code was granted and that Porada's complaint was dismissed with prejudice on that basis as well.

_____

[5]Porada's response additionally reduced the amount of damages he was seeking, stating that he now requested this matter "be referred to Mandatory Arbitration and *** that his damages be 'capped' by the Cook County $30,000.00 Mandatory Arbitration maximum."

¶ 11    After the court announced its ruling, Porada made an oral motion for leave to file an amended complaint, which the court denied:

"MR. PORADA: Okay. On 2-615 motion there is leave to amend?

THE COURT: I am dismissing the case. There is no leave to amend."

Porada then filed a timely notice of appeal, challenging the court's dismissal of his complaint and denial of his oral motion for leave to file an amended complaint.

¶ 12    After Porada had filed his notice of appeal, the defendants filed a petition for attorney fees in the trial court, pursuant to section 25 of the Act (735 ILCS 110/25 (West 2016)), while the appeal was pending.[6] See *Naperville South Commons, LLC v. Nguyen*, 2013 IL App (3d) 120382, ¶ 13 (a trial court has jurisdiction to entertain a petition for attorney fees filed within 30 days of entry of a final judgment, even if there was a previously filed notice of appeal). On October 18, 2017, the trial court entered an award for attorney fees under the Act in favor of the defendants. Two days later, without seeking leave of this court to do so, Porada filed an amended notice of appeal, additionally challenging the trial court's award of attorney fees.

¶ 13                              ANALYSIS

¶ 14    Porada asks this court to review three issues that he asserts are grounds for reversal: (1) whether the circuit court erred in dismissing his complaint as a SLAPP lawsuit pursuant to section 2-619 of the Code, (2) whether the circuit court erred in denying his oral motion for leave to amend his complaint, and (3) whether the circuit court erred in awarding attorney fees to the defendants. Porada does not challenge the trial court's alternative ground for dismissing his complaint pursuant to section 2-615 of the Code.

¶ 15    In keeping with our responsibility to view the case and the record in its entirety, we are not bound to review the issues in the order delineated by the parties in order to resolve the appeal. Accordingly, we will first consider whether the trial court's dismissal of Porada's complaint pursuant to section 2-615 was appropriate. See *Hanna v. Creative Designers, Inc.*, 2016 IL App (1st) 143727, ¶ 33 (this court may affirm on any basis in the record on appeal). "A motion to dismiss brought pursuant to section 2-615 of the Code challenges the legal sufficiency of a complaint by alleging defects on its face." *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 735 (2009). While a plaintiff is not required to prove his case in the pleading stage, he must allege sufficient facts to state all the elements which are necessary to sustain his cause of action. *Visvardis v. Ferleger, P.C.*, 375 Ill. App. 3d 719, 724 (2007). A trial court should dismiss a complaint under section 2-615 only if it is readily apparent from the pleadings that there is no possible set of facts that would entitle the plaintiff to the requested relief. *Quinn v. Board of Education of the City of Chicago*, 2018 IL App (1st) 170834, ¶ 57. "The question for the court is whether the allegations of the complaint, when construed in the light most favorable to the plaintiffs, are sufficient to establish the cause of action." *Id.* We review *de novo* the trial court's dismissal of a complaint pursuant to section 2-615. *Wagner*, 391 Ill. App. 3d at 735.

¶ 16    Reviewing Porada's complaint on its face, it is clear to this court that it is insufficient to state a cause of action. In his complaint, Porada alleged that the defendants engaged in

---

[6]Section 25 of the Act permits the court to award reasonable attorney fees to a party who prevails in moving to have a complaint dismissed as a SLAPP lawsuit under the Act.

numerous instances of "intentional, malicious, deliberate, and reckless conduct," but only in broad and vague terms without any specificity or clarity whatsoever. He alleged that the defendants made statements that his unit ownership was "illegal" and "constituted criminal conduct," but he did not provide any details or context. Most notably, nowhere in his complaint did he allege with any specificity what was said or by whom. Moreover, Porada failed to clarify the injuries he suffered or how he calculated his damages.

¶ 17    Porada's complaint consists of conclusory allegations and lacks any of the requisite specificity. As the defendants pointed out in their motion to dismiss, it does not even inform them of the nature of the claims that they are called upon to defend.[7] It is clear by reviewing Porada's complaint on its face that it is insufficient to plead a cause of action. Accordingly, we hold that the trial court properly dismissed Porada's complaint pursuant to section 2-615 of the Code.

¶ 18    We note that because we have determined the dismissal of Porada's complaint to be proper pursuant to section 2-615, we need not consider the court's alternative basis for dismissing the complaint pursuant to section 2-619 as a SLAPP lawsuit. Accordingly, we vacate the dismissal of Porada's complaint to the extent it was dismissed under section 2-619 as a SLAPP lawsuit. We also note that the issue of attorney fees is now moot, as the defendants were awarded attorney fees based on the complaint's dismissal pursuant to section 2-619, as a SLAPP lawsuit, predicated upon the Act. However, parties are not entitled to an award of attorney fees for a dismissal premised upon section 2-615.[8] As explained, the complaint should have been dismissed clearly and squarely based on section 2-615 of the Code, nothing more. Accordingly, the trial court's award of attorney fees based on SLAPP is vacated.

¶ 19    Lastly, we review Porada's second argument that the court erred in denying his oral motion for leave to file an amended complaint. Porada argues that the court described the defects it

---

[7]At oral arguments, the defendants claimed that by their best guess, the nature of the claims against them was libel and slander. However, Porada responded that he was time-barred from raising claims of libel or slander. He argued that the nature of his claims was negligence and intentional infliction of emotional distress. However, it is difficult to discern those claims based on his complaint.

[8]We also note that were we to consider the issue of attorney fees, we would not have jurisdiction to consider the October 18, 2017, judgment awarding attorney fees to the defendants, as Porada did not properly preserve this issue for appeal. Porada improperly filed an amended notice of appeal, without leave of this court. Rule 303(b)(5) allows an appellant to file an amended notice of appeal without leave of court within 30 days of the court's final order from which they are appealing. Ill. S. Ct. R. 303(b)(5) (eff. July 1, 2017). "Thereafter it may be amended only on motion, in the reviewing court, pursuant to paragraph (d) of this rule." *Id.* Because the determination of whether a prevailing party is entitled to attorney fees and, if so, the calculation of those fees are determinations independent of the underlying judgment (*Servio v. Paul Roberts Auto Sales, Inc.*, 211 Ill. App. 3d 751, 758 (1991)), the October 18, 2017, award of attorney fees was an independent order from the July 18, 2017, dismissal of Porada's complaint. Accordingly, the proper avenue for Porada to confer appellate jurisdiction over the October 18, 2017, attorney fees award would have been either to file a new, separate notice of appeal, which this court could have consolidated with his prior notice of appeal, or to file a motion in this court to amend his prior notice of appeal to include the award of attorney fees. However, Porada did neither. Instead, he simply tried to amend his prior of notice of appeal, without leave of this court, more than three months after the trial court's final order from which he originally appealed.

perceived in his complaint, yet summarily denied his oral motion for leave to file an amended complaint that could have cured those defects. He argues that the court abused its discretion. However, Porada did not submit a proposed amended complaint for the trial court to consider. There is no indication in the record that Porada made a formal motion that included a proposed amended complaint for the trial court to consider. Rather, he *briefly* mentioned amending his complaint at the end of the hearing in the trial court, and it was never raised again. In turn, there is no proposed amended complaint in the record on appeal. This results in the issue being forfeited. *Morris v. Ameritech Illinois*, 337 Ill. App. 3d 40, 51 (2003).

¶ 20                                    CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County to the extent that it dismissed Porada's complaint pursuant to section 2-615 of the Code, but we vacate the judgment to the extent the dismissal was premised on section 2-619 of the Code as a SLAPP lawsuit. Accordingly, the award of attorney fees based on the Act is vacated, as the defendants prevailed based on section 2-615, not the Act.

¶ 22    Affirmed in part and vacated in part.

¶ 23    PRESIDING JUSTICE DELORT, specially concurring:

¶ 24    This case proves the rule that many condominium disagreements are so acrimonious that they generate financial and emotional costs far disproportionate to the original dispute. While I join Justice Cunningham's majority opinion order in full, I write separately to express my concern about the conduct of the plaintiff in this case.

¶ 25    This case, and the still-pending chancery case, involve who may use a parking space in downtown Chicago and the aftermath of the condominium association's decision to enforce its parking rules against Porada. The parking space is located in a condominium building which itself is a mere stone's throw from the Daley Center, where the chancery case was being heard. Notwithstanding this fact, Porada chose not to simply file a counterclaim in that original lawsuit. Instead, he filed a new case in the sixth municipal district courthouse in Markham, Illinois, 25 miles from the Daley Center and a good hour's drive away in normal traffic. He did this, ostensibly, because one of the 12 defendants whom he sued lived in the sixth municipal district. The defendants tried to move the case, but the mechanisms they chose—a motion to transfer venue and a second motion to transfer under *forum non conveniens*—were inappropriate remedies given the facts. They should have simply presented a motion before the assignment judge of the law division to consolidate or transfer the case as related to the chancery case. See Cook Co. Cir. Ct. G.O. 12.1(a) (Feb. 1, 1964). Based on the record, the arguments in the brief, and Porada's evasive attitude at oral argument, I am left convinced that his decision to file this case in the sixth municipal district was a tactic intended to needlessly harass the defendants and increase litigation costs.

¶ 26    The tone of Porada's written arguments is also worthy of comment. Zealous advocacy will sometimes require pointed and strong language. But the following passage from Porada's reply brief illustrates that he has difficulty exhibiting the level of decorum required of a member of the Illinois bar:

"Defendants' convoluted, confusing and complicated hodgepodge of stream-of-consciousness ramblings, baseless accusations, ridiculous conspiracy theories, disjointed argument and irrelevant exhibits, under the guise of 'retaliatory motives' ***, are nothing but a charade masquerading as '*proof*'." (Emphasis in original.)

¶ 27    At oral argument, Porada conceded the tone of this passage was inappropriate. Since this single passage was just one among many exhibiting the same highly derisive and sarcastic tone, he should be admonished to adhere to appropriate standards of advocacy in the future.