Filed 10/27/22  Thomas v. Rothman CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ANTHONY THOMAS, JR., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> LARRY ROTHMAN, <br><br> Defendant and Respondent. | B315139 <br><br> (Los Angeles County Super. Ct. No. 20NWCV00360) |

APPEAL from the judgment and order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Reversed.

Alaba Ajetunmobi for Plaintiff and Appellant.

Steven D. Silverstein for Defendant and Respondent.

* * * * * *

Timing is everything. A lawyer was sued for recording an assessment lien as well as documents preliminary to a nonjudicial foreclosure, activities for which he may be civilly immune. (*Wilton v. Mountain Wood Homeowners Assn.* (1993) 18 Cal.App.4th 565, 569-570 [assessment lien privileged]; Civ. Code, § 2924, subd. (b) [trustee's acts of recording documents associated with nonjudicial foreclosure privileged]; *id.*, § 47.) Rather than move for summary judgment, however, the lawyer moved to dismiss the lawsuit against him under our State's anti-SLAPP law (Code Civ. Proc., § 425.16). The trial court granted the lawyer's anti-SLAPP motion. Alas, this was wrong because the lawyer's conduct is not conduct protected by the anti-SLAPP law; we must accordingly reinstate the lawsuit.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

Anthony Thomas, Jr. (plaintiff) inherited a townhome that is part of the Lakewood Village Townhomes Homeowner's Association (the Association). In 2019 and 2020, plaintiff's tenant in the townhome violated several of the Association's rules and plaintiff was assessed fines for those violations. By March 2020, plaintiff owed the Association a total of $16,790.27 from the violations as well as unpaid annual assessment dues.

The Association retained Larry Rothman (Rothman), an attorney, to file an assessment lien against plaintiff's property and to initiate nonjudicial foreclosure proceedings to collect the unpaid amount. Rothman carried out those duties: He recorded an assessment lien on July 10, 2019; he recorded a notice of default against the property on March 26, 2020; and he recorded a notice of a trustee's sale on October 8, 2020, with a foreclosure

sale date in November 2020.  By the time of the notice on trustee's sale, plaintiff's amount due had climbed to $23,907.27.

## II.  Procedural Background

### A.  *Pleadings*

Plaintiff sued the Association in June 2020.

Four months later, plaintiff filed the operative first amended complaint against the Association, its property manager, and Rothman.  More specifically, plaintiff sued Rothman for (1) wrongful foreclosure, (2) negligence, (3) breach of the implied covenant of good faith and fair dealing, and (4) intentional infliction of emotional distress.[1]  All four claims had the same factual premise—namely, that Rothman (and the Association) had not complied with all of the statutory requirements for recording assessment liens and nonjudicial foreclosure.

### B.  *Anti-SLAPP motion*

Rothman filed a motion to dismiss the claims against him under our State's anti-SLAPP law.  After further briefing and a hearing, the trial court granted the motion.  In granting the motion, the court reasoned that Rothman's conduct in recording the assessment lien and the nonjudicial foreclosure documents was "protected activity" subject to dismissal under the anti-SLAPP statute because the other Association homeowners "would be impacted by the outcome and had a stake in the association's governance."  The court then determined that plaintiff had not carried his burden of establishing that his claims against

---

1      Plaintiff dropped intentional infliction of emotional distress in his second amended complaint, so this claim appears to be gone.

3

Rothman had "minimal merit" because the litigation privilege barred all of those claims.

**C.    *Appeal***

Following the entry of judgment plaintiff filed this timely appeal.

## DISCUSSION

Plaintiff argues that the trial court erred in dismissing his claims against Rothman under the anti-SLAPP law. "The anti-SLAPP statute 'provides a procedure for weeding out, at an early stage, meritless claims arising from' activity that is protected by the law. [Citation.] 'Accordingly, a trial court tasked with ruling on an anti-SLAPP motion must ask two questions: (1) has the moving party "made a threshold showing that the challenged cause of action arises from protected activity" [citation], and, if so, (2) has the nonmoving party "established . . . a probability that [he] will prevail" on the challenged cause of action by showing that the claim has 'minimal merit [citations]?'" (*Gruber v. Gruber* (2020) 48 Cal.App.5th 529, 537, italics omitted.) We independently review a trial court's resolution of each question. (*Abir Cohen Treyzon Salo, LLP v. Lahiji* (2019) 40 Cal.App.5th 882, 887.)

Plaintiff seeks to hold Rothman liable for his conduct, as the lawyer to the Association, in recording the assessment lien as well as the two notices that are the first two steps in the nonjudicial foreclosure procedure. As a result, the threshold question is whether this conduct constitutes "protected activity" within the meaning of the anti-SLAPP law.

We conclude that it does not, and we do so for two reasons.

First, the anti-SLAPP law explicitly defines "protected activity" to include communications made "before a" "judicial

4

proceeding" or "in connection with an issue under consideration or review by" a "judicial body" or "any other official proceeding authorized by law." (§ 425.16, subd. (e)(1) & (2).) Courts have construed this definition also to reach "'communications preparatory to or in anticipation of the bringing of an action or other official proceeding'" (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115), but only if those communications "relate[] to litigation that is contemplated in good faith and under serious consideration" (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1251). Nonjudicial foreclosure "does not involve . . . judicial proceedings," and acts in preparation for it—such as an assessment lien—are accordingly not in preparation for a judicial or other proceeding. (*Garretson v. Post* (2007) 156 Cal.App.4th 1508, 1520; *Crossroads Investors, L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 778 ["pursuit of a nonjudicial foreclosure and compliance with its statutory procedures do not involve the exercise of protected speech or petitioning activity"]; cf. *Trapp v. Naiman* (2013) 218 Cal.App.4th 113, 120-121 [nonjudicial foreclosure that is tangential to unlawful detainer action is protected activity]; *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.* (2020) 56 Cal.App.5th 413, 426 [filing of mechanic's lien in anticipation of litigation in court to enforce it is protected activity].) As a result, Rothman's conduct is not "protected activity" under subdivision (e)(1) and (2) of section 425.16.

Second, the anti-SLAPP law explicitly defines "protected activity" to include "statement[s]" "made in a place open to the public or a public forum in connection with an issue of public interest" as well as "conduct in furtherance of the exercise of the

5

constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(3) & (4).) Courts have held that a dispute between a homeowner's association and a homeowner can sometimes entail an "issue of public interest," but only if the dispute is "of concern" to the association's members generally— such as matters involving the governance of the Association or whether the Association is "evenhandedly enforc[ing]" its architectural guidelines that will shape the aesthetic of the development. (*Ruiz v. Harbor View Community Assn.* (2005) 134 Cal.App.4th 1456, 1468-1470 [letters written by homeowner's association's attorney to homeowner in midst of "ongoing dispute[] over [the] approval" of the homeowner's "conception plans" is "protected activity" because "whether the [association's] architectural guidelines had been evenhandedly enforced" was "a matter of concern" to the association's 500-plus members]; *Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 471-480 [articles in newspaper to homeowners regarding whether association should remain self-governing or have a management company, and whether the current manager is competent, is "protected activity" because it is "of concern" to the association's 3,000 members].) However, a homeowner's association's conduct in enforcing its rules against a specific homeowner is not protected activity because it is not of concern to association members generally and does not necessarily "implicate[] a freedom of speech issue." (*Turner v. Vista Pointe Ridge Homeowners Association* (2009) 180 Cal.App.4th 676, 686-688.) Rothman's conduct in this case involved his role in assisting the Association in enforcing its rules through the collection of annual assessments and fines incurred in violation of

those rules; this does not involve any issue of governance or broader concern to the Association's members, and also does not implicate any "freedom of speech issue." As a result, Rothman's conduct is not "protected activity" under subdivision (e)(3) or (4) of section 425.16. To be sure, it is possible to characterize Rothman's conduct as part of the Association's efforts to "evenhandedly enforce[]" its rules. But that characterization could be used in every case and would render *every* action by an Association "protected activity," which is not the law.

Rothman marshals what boils down to two arguments in response. First, he argues that the precedent holding that nonjudicial foreclosure is not protected activity under subdivision (e)(1) and (2) has been discredited by *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, disapproved on another ground by *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5. But *Wollersheim* involved conduct in litigation, and had nothing to do with homeowner's associations or nonjudicical foreclosure. Second, Rothman argues that plaintiff's claims are defective because they essentially allege a civil conspiracy between a lawyer and his client, but plaintiff did not comply with the procedural requirements for filing such a claim as set forth in Civil Code section 1714.10. Even if true, this at best addresses the *merits* of plaintiff's claims, not whether they constitute "protected activity" within the meaning of the anti-SLAPP law.

We must accordingly reverse the trial court's judgment dismissing the case, and remand for further proceedings. Because plaintiff is now the prevailing party on the motion, the attorney fees award to Rothman must be vacated and plaintiff may seek fees pursuant to section 425.16, subdivision (c)(1), to

7

the extent he can establish that Rothman's motion was "frivolous or . . . solely intended to cause unnecessary delay," issues on which we express no opinion.

### DISPOSITION

The judgment and attorney fee order are reversed, and the case remanded for further proceedings.  We deny defendant's motion for sanctions on appeal because plaintiff's appeal was not frivolous.  Plaintiff is entitled to his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ